

1  Mack, Bruce and Mack, Jamie Yvonne
   P.O. Box 684
2  Corona, California [92878]
   (951)880-4278
3
4  Plaintiffs
5  In Propria Persona
6
7                    **UNITED STATES DISTRICT COURT**
                     **CENTRAL DISTRICT OF CALIFORNIA**
8                    **IN THE COUNTY OF RIVERSIDE**
9             **EDCV19-00209**     **AG (SP)**
10 Bruce Mack and Jamie Yvonne Mack          Case No.:_____
11                 Plaintiffs,              **VERIFIED COMPLAINT FOR DAMAGES**
12 v.                                        **FOR:**

   **(1)** The STATE OF CALIFORNIA, a state      1. Violation of Civil Rights (Title 42 U.S.C.A
   agency in the County of Riverside; in its    §§ 1981, 1983, 1985; No Jurisdiction, Personal
   corporate municipal and official capacity; **(2)**  Injury
   Superior Court for the State of California,
   Riverside County, a state agency in the County of   2. Fraud, Bad Faith
   Riverside; **(3)** Retired Judge Jean Pfeiffer
   Leonard, for the County of Riverside in her    3. Violation of the First, Fourth, Fifth, Sixth,
   Official capacity; **(4)** Retired Judge Jerome E.  Thirteenth, and Fourteenth Amendments
   Brock, for the County of Riverside in his official
   capacity; **(5)** Judge David A. Gunn, for the   4. Racketeering (Title 18 U.S.C. (RICO) §
18 County of Riverside in his official capacity; **(6)**  1961, § 1962 (a)(b)(c), § 1963 and § 1964);
19 Riverside County Sheriff Department, in its    Discrimination, Hate Crime, Bad Faith, Wire
   corporate, municipal and official capacity; **(7)**  Fraud, Mail Fraud; Deprivation of Civil Rights
20 Riverside County District Attorney Office, for the  (Title 18 U.S.C. §§ 241 and 242); Concealment,
21 County of Riverside; in its corporate, municipal  Obstruction of Justice, False Imprisonment,
   and official capacity; **(8)** Michael A. Hestrin,  Kidnapping, Aiding and Abetting, Civil
22 District Attorney for the County of Riverside, in  Conspiracy
   its corporate, municipal and official capacity; **(9)**
23 Craig Johnson, District Attorney for the County   5. Denial of Intangible Services 18 U.S.C. §
24 of Riverside, in his corporate, municipal and   1346
   official capacity; **(10)** Maureen DuMouchel
25 District Attorney for the County of Riverside, in   6. Intentional Infliction of Emotional Distress;
26 her corporate, municipal and official capacity;  Personal Injury
   **(11)** California State Attorney General Xavier
27 Becerra, in his official capacity; **(12)** Riverside   7. California Government Code § 7.14 Rights
28                                                  Under Administrative Adjudication and Due
                                                   Process, California Government Code
                                                   §§11425.10-11425.60

County Police Department, a county agency for the County of Riverside, in its corporate, municipal and official capacity; **(13)** Housing and Urban Development, a government agency in its corporate, municipal and official capacity; **(14)** H&R Block, Inc., a Missouri Corporation (on behalf of H&R Block Bank, a Missouri Corporation)in its corporate, municipal and official capacity; **(15)** Citibank, N. A., a Texas Corporation in its corporate, municipal and official capacity; **(16)** Abbas S. Faradjollah, in his official capacity; **(17)** Sohila A. Faradjollah in her official capacity; **(18)** Frederick Richard, in his official capacity; **(19)** Jeanetta Richard in her official capacity, ~~(20)~~ ~~~~, Defendants, and DOES 1 to 100, inclusive,

8. Theft, Destruction Alteration of Court Records(Penal Code § 687)

9. Violation of Federal Bankruptcy Stay and Chapter 7 Discharge 11 U.S.C. §362(a), Case No. 6:11-BK-20377-DS; Double Jeopardy (42 U.S.C. 2000 et seq, Calif. Penal Code 687)

10. Accounting against all Defendants (bank statements, loan documents, escrow papers, deeds, canceled checks, etc.)

11. Quiet Title Action, 28 U.S.C. § 2409, 2410; Foreclosure

12. Removal from Superior Court to Federal Court for no jurisdiction and double jeopardy, Rules of Civil Procedure Rule 81 Applicability of the Rules in General; Removed Actions D.A. # 356353 Criminal Case No.: RIF1700487 filed 02/07/2017; violation of Chapter 7 bankruptcy stay

Demand For Jury Trial
and Leave To Amend

## A.  JURISDICTION AND VENUE

1. This court has original and subject matter jurisdiction over the Defendants to include violations of federal law Title 28 U.S.C. Rule 81(a)(2),(4)(B)(5), (b)(5); 28 U.S.C. §§ 1331, 28 U.S.C. §§ 2409 and 2410; 1441(a), 1446 and 1447; Title 18 U.S.C. §§ 241, 242, 1961-1982, 1001 and 1341 as defined by section 1346; Title 42 U.S.C. Civil Rights §§ 1981, 1983, 1985(3)(5), 1986 and 1988, which entitles civil remedies by law and deprivation of rights under color of law, statute, regulation, custom and usage of action proper under 28 U.S.C. §§ 1331, 1343(a)(1,2,3 and 4), 1334, 1391(b), 1746, 2409a and actions affecting real property to quiet title and under 28 U.S.C. 2410(c) and Title 11 U.S.C. §362(a) as a federal bankruptcy discharge was final judgment.

2. This court has original and subject matter jurisdiction over the above-named defendants for violation of federal laws and state law claims pursuant to 28 U.S.C. § 1367 due to continued violation of Plaintiffs' civil and unalienable rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitutions of the United States of America; Article III, Section 2, Article VI Clause 2

and California Constitution, Article V.  This court has original and subject matter jurisdiction over

Housing and Urban Development (HUD) issues and banking issues Titles 5, 11, 15, 26 and 31 U.S.C.

3.  Venue is proper in the Central District of California under 28 U.S.C. § 1391(b)(2) and

pursuant to 28 U.S.C. § 1651 against all defendants relating to Plaintiffs' real properties described

commonly as:

(a)  1404 Via Del Rio, Corona, County of Riverside, State of California and legally described as Lot 46 of Tract No. 4171, in the City of Corona, County of Riverside, State of California, as per map recorded in Book 73, Pages 66 Through 68 inclusive of maps of record in the office of the County Recorder of said county by recorded grant deed dated September 28, 1992, Document No. 361869; and

(b)  17201 Bluff Vista Court, Riverside, County of Riverside, State of California and legally described as Lot 30 of Tract No. 29419 according to map recorded in 331, Pages 26 through 35, inclusive of maps, in the office of said County Recorder of California by recorded grant deed dated September 28, 2006, Document No. 2006-0716857.

4.  This court also has jurisdiction regarding the administrative adjudication process and of all

causes of action (real property, criminal and civil), as this court may issue orders and writs necessary in

the aid of their jurisdiction agreeable to the usage and principles of California law and per Title 5 U.S.C.

5.  Plaintiffs are aware that this Court has jurisdiction over this action, as all parties reside or do

business in Riverside County and/or the State of California, and Plaintiffs were illegally, unlawfully

through the acts under color of state law, racketeering, conspiracy and corruption committed by

Defendants, falsely charged, arrested and imprisoned at the Robert Presley Detention Center, Riverside

County without probable cause or an arrest warrant over a *civil* matter.  There was no victim and no

crime.  Defendants (the STATE OF CALIFORNIA, the State Court, Leonard, Brock, Gunn, the Sheriff's

Department the D.A., Hestrin, Johnson, DuMouchel, Becerra, the P.D., Nava and Parker), failed to

investigate Plaintiffs' prior reports and notices, acted on false or no information, each acted knowingly,

intentionally, maliciously on purpose, in continuous violation of Plaintiffs' due process and unalienable

rights secured by the First, Fourth, Sixth, Seventh and Fourteenth Amendments to the United States

Constitution.  In doing so, Defendants violated Plaintiffs' civil rights secured by Title 42, U.S.C. §§

1981, 1983, 1985(3), 1986; and violated state and federal laws prohibiting racketeering, hate crimes,

discrimination, elder abuse, violation of bankruptcy stay, and prejudice against Plaintiffs, who are black

senior citizens who were falsely arrested and wrongfully imprisoned as stated below. Named Defendants' conduct is continuous and ongoing.

## PARTIES
## PLAINTIFFS AND DEFENDANTS

6. Plaintiffs Bruce Mack and Jamie Yvonne Mack, American Citizens (hereinafter "Plaintiffs,"), in the State of California located at 1946 7th Street, # 210, Riverside, California 92507. Plaintiffs are the legal, allodial title owners of the real properties fully described in ¶ 3 above.

7. The State of California, a state agency in the County of Riverside (herein after Defendant and "the State") in its corporate, municipal and official capacity, is located at 455 Golden Gate, Suite 11000, San Francisco, CA 94102-7004.

8. Superior Court of the state of California, Riverside County, a state agency in the County of Riverside, in its corporate, municipal and official capacity, (herein after Defendant and "the Court") Civil Division is located at 4050 Main Street; Criminal Division is located at and doing business from 4100 Main Street, Riverside CA 92501.

9. Retired Judge Jean Pfeiffer Leonard in her official capacity, (herein after Defendant and "Pfeiffer") appeared and did business from at 4100 Main Street, Riverside CA 92501.

10. Retired Judge Jerome E. Brock in his official capacity, (herein after Defendant and "Brock") appeared and did business from at 4100 Main Street, Riverside CA 92501.

11. Judge David A. Gunn in his official capacity, (herein after Defendant and "Gunn") is located at and doing business from 4100 Main Street, Riverside CA 92501.

12. Riverside County Sheriff Department, in its corporate, municipal and official capacity, (herein after Defendant and "the Sheriff") is located at and doing business from 4095 Lemon Street, Riverside CA 92501.

13. Riverside County District Attorney Office, in its corporate, municipal and official capacity, (herein after Defendant and "the D. A.") is located at and doing business from 3960 Orange Street, Riverside, CA 92501.

16.  Michael Hestrin, employee with the Riverside County District Attorney Office (herein after Defendant and "Hestrin.") in his corporate, municipal and official capacity, is believed to be located at and doing business from 3960 Orange Street, Riverside CA 92501.

17.  Craig Johnson, employee with the Riverside County District Attorney Office (herein after Defendant and "Johnson") in his corporate, municipal and official capacity, is believed to be located at and doing business from 3960 Orange Street, Riverside CA 92501.

18.  Maureen DuMouchel, employee with the Riverside County District Attorney Office (herein after Defendant and "DuMouchel") in her corporate, municipal and official capacity, is believed to be located at and doing business from 3960 Orange Street, Riverside CA 92501.

19.  California State Attorney General Xavier Becerra, a state employee, in his official capacity, (herein after Defendant and "Becerra") is located at and doing business from c/o State Capitol, 1300 I Street, Sacramento, California 95814.

20.  Riverside County Police Department (herein after Defendant and "PD") is located at and doing business from 4102 Main Street, Riverside CA 92501.

21.  U. S. Department of Housing of Urban Development, a government agency, in its corporate, municipal and official capacity, (herein after Defendant and "HUD"). is believed to be located at and doing business from 451 7th Street SW, Washington Street, Washington DC 20410.

22.  H&R Block, Inc., a Missouri Corporation, located at One H&R  Block Way, Kansas City, MO. 64105 (on behalf of H &R Block Bank, a Missouri Corporation, was initially located at, and doing business from One H&R  Block Way, Kansas City, MO. 64105. HRBB filed a Certificate of Surrender with the California Secretary of State that shows HRBB was not licensed to transact intrastate business in California since October 2, 2008, File No. D0930318).

23.  Citibank N.A., a Texas Corporation is believed to be located at and doing business from 100 Citibank Drive, San Antonio, Texas 78245. Citibank N. A. filed a Dismissal in state court case no. RIC1100245 on October 4, 2013.

24.  Abbas S. Faradjollah and (23) Sohila A. Faradjollah, husband and wife as joint tenants (herein after Defendants and "trespassers") are believed to be occupying the 1404 Via Del Rio, Corona, California 92882.  Mailing address is 2112 Wembley Lane, Corona, California 92881.

1   25. Frederick Richard and (24) Jeanetta Richard, husband and wife as joint tenants (herein after

2   Defendants and "trespassers") are believed to be occupying the 17201 Bluff Vista Court, Riverside,

3   California 92503, Mailing address is 17201 Bluff Vista Court, Riverside, California 92503.

4   26. JPMorgan Bank, N.A. is a corporation doing business in California from P.O. Box 183222,

5   Columbus, Ohio, 43218-3222.

6   ### B. <u>STATEMENT OF FACTS</u>

7   27. Plaintiffs were arrested, incarcerated, and later (after-the-fact) *criminally* charged over a *civil*

8   matter by Defendants without due process of law, without a victim, without a crime, and without

9   Plaintiffs ever violating any laws of the United States. Plaintiffs' Verified Complaint and Claims against

10   Defendants are for violations of Plaintiffs' rights to due process of law, violation of Plaintiffs' Civil

11   Rights Title 42 U.S.C.A §§1981, 1983, 1985; False Imprisonment and Kidnapping of Plaintiffs with no

12   Jurisdiction which caused Personal Injury. Defendants' acts were done by Fraud and Bad Faith in

13   violation of the U.S. Constitution First, Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendments; in

14   violation of laws prohibiting Racketeering (Title 18 U.S.C. (RICO) §1961, §1962 (a)(b)(c), §1963 and

15   §1964); Discrimination, Hate Crime, Bad Faith, Wire Fraud, Mail Fraud; Deprivation of rights under

16   color Title 18 U.S.C. §§ 241 and 242; Concealment, Obstruction of Justice; Aiding and Abetting, Civil

17   Conspiracy, Denial of Intangible rights to honest Services 18 U.S.C. § 1346; Intentional Infliction of

18   Emotional Distress; Personal Injury, violation of California Government Code § 7.14 Rights Under

19   Administrative Adjudication and Due Process; California Government Code §§11425.10-11425.60;

20   Theft, Destruction Alteration of Court Records(Penal Code § 687); Defendants' Violation of Federal

21   Bankruptcy Stay 11 U.S.C. §362(a), Case No. 6:11-BK-20377-DS; Double Jeopardy 42 U.S.C. § 2000

22   et seq. and Calif. Penal Code § 687; no Accounting, Continual and ongoing Trespass, Fraud and Personal

23   Injury to Plaintiffs; Quiet Title Action, 28 U.S.C. § 2409, 2410;  Foreclosure, Rules of Civil Procedure

24   Rule 81 Applicability of the Rules in General; Removed Actions Criminal Case No.: RIF1700487, and

25   Double Jeopardy.  All Defendants perpetrated these lawless acts against Plaintiffs over their real properties.

26   28. Defendants caused Plaintiffs to be falsely charged and arrested in violation of Plaintiffs' due

27   process and civil rights, constitutional protected rights, and in violation of federal bankruptcy laws.

28   Defendants made false statements which resulted in false charges and a false arrest against Plaintiffs

1   over uninvestigated allegations of a foreclosure related to Plaintiffs' two real properties in the state court

2   case no. RIF1700487 PEOPLE OF THE STATE OF CALIFORNIA v. JAMIE YVONNE MACK,

3   BRUCE MACK. If the District Attorney had a problem with Plaintiffs' Chapter 7 and the bankruptcy stay

4   and discharge, which the state court had full knowledge, the District Attorney should have brought the issue

5   as a <u>civil</u> matter. The state court had no jurisdiction. That's a federal issue under 2409 and 2410. It must be

6   a judicial sale by the court, and NOT by Defendants doing a foreclosure and selling the properties. Each and

7   every one of these defendants must explain to the court how were they able to foreclose, then sell, Plaintiffs'

8   real properties <u>without</u> getting a <u>judicial ruling</u> from the <u>federal</u> court. The real properties are <u>federal</u> issues,

9   and must go through HUD guidelines.

10      29.  The issues of ownership over the two real properties were already adjudicated in a Chapter 7

11   Bankruptcy Discharge Order on September 18, 2013 that entitles Plaintiffs to rightful ownership, of

12   which Plaintiffs are the rightful owners.

13      30.  Plaintiffs are the lawful owners of the subject premises, publicly located at 1404 Via Del

14   Rio, Corona California. Directors Mortgage was the original lender memorialized by the mortgage note

15   and trust deed, by way of a grant deed dated September 16, 1992. The deed was recorded in the

16   Riverside County Recorder Office, Riverside California on September 28, 1992, Document No.361869,

17   Escrow No.: R-3024-K.

18      31.  Plaintiffs are the lawful owners of the subject premises, publicly located at 17201 Bluff

19   Vista Court, Riverside, California. Wholesale Capital Corporation was the original lender memorialized

20   by the mortgage note and deed, by way of a grant deed dated September 28, 2006. The deed was

21   recorded in the Riverside County Recorder Office, Riverside California.

22      32.  On September 28, 1992 a grant deed was recorded, Document Recording No. 361867

23   granting the 1404 Via Del Rio Corona CA 92882 (Corona) real property from Francis D. Cook to Bruce

24   Mack and Jamie Mack giving Plaintiffs ownership rights to the Corona property.

25      33.  On September 28, 2006 a grant deed was recorded, Document Recording No. 2006-0716857

26   granting the 17201 Bluff Vista Court, Riverside CA 92503 (Riverside) real property from David J. and

27   Debra J Steffgen to Jamie Y. Mack giving Plaintiffs ownership rights to Riverside property.

28

34.   On January 7, 2008 a Notice of Default was recorded, Document Recording No. 2008-0008678 on the Riverside property stating, contact Option One Mortgage Corporation, care of Quality Loan Servicing Corp. 2141 5th Avenue, San Diego CA 92101.

35.   On June 4, 2008 a Notice of Trustee Sale was recorded, Document Recording No. 2008-0302469 on the Riverside property that shows date of sale 6/23/2008.

36.   On June 13, 2008 a Notice of Default was recorded, Document Recording No. 2008-0324230 on the Corona property, stating: contact H & R BLOCK BANK, care of Countrywide Home Loans Inc. 400 Countrywide Way, SV-35, Simi Valley, ČA 93065.

37.   A letter posted on Plaintiffs' Bluff Vista property from Peter Lewis of Quantum Realtors dated June 26, 2008 stated the Riverside property is currently owned by Option One Mortgage and was lawfully acquired through the foreclosure process.

38.   On July 25, 2008 Citibank filed a lawsuit against Plaintiffs with the Riverside Superior Court, Case No. RIU003962, Citibank v. Mack and got judgment entered on October 9, 2008.

39.   On June 27, 2008 a Trustee's Deed Upon Sale was recorded, Document Recording No. 2008-0352977, states Citibank is the foreclosing beneficiary.

40.   On October 14, 2008 a Notice of Trustee Sale was recorded, Document Recording No. 2008-0550829 on the Corona property that shows date of sale September 17, 2008.

41.   On April 21, 2009 a Trustee's Deed Upon Sale was recorded, Document Recording No. 2009-0193989 states H&R BLOCK BANK was the foreclosing beneficiary.

42.   On June 26, 2009 HRBB filed a lawsuit against Plaintiffs with the Riverside Superior Court, Case No. RIU013435, H & R Block Bank v. Mack and got judgment entered on August 4, 2009.

43.   On September 23, 2009 an Eviction Restoration Notice regarding the Corona property was signed by Sheriffs Authorized agent M. Lucero, Badge #3443 for state court case no. RIU01345 and Levying Officer File No. 2009071343.

44.   On January 1, 2010 Plaintiffs exhausted their administrative remedies against the property/bank and Citibank, the Riverside Superior Court, the Sheriff Department, and the County Recorder were all notified.

45. On March 22, 2010 Plaintiffs exhausted their administrative remedies against the property/bank and H & BLOCK BANK, the Riverside Superior Court, the Sheriff Department, and the County Recorder were all notified.

46. On May 25, 2010 Citibank filed a lawsuit against Plaintiffs with the Riverside Superior Court, Case No. MVC1003065, Citibank v. Mack and got judgment entered on October 1, 2010.

47. On June 7, 2010 Citibank filed a lawsuit against Plaintiffs with the Riverside Superior Court, Case No. RIC10011245, Citibank v. Mack. Citibank dismissed the case on October 7, 2013.

48. After Plaintiffs completed their administrative remedies on both properties, Plaintiffs filed 2 (two) Complaints with the Riverside County District Attorney's Office on August 12, 2010 and August 17, 2010, as victims real estate mortgage fraud, for violation of California Penal Code § 115 (C.P.C. § 115) and civil rights violation. District Attorney Craig Johnson refused to investigate the matter.

49. On June 23, 2011 Plaintiffs submitted a mortgage fraud complaint to the Riverside Field office of the United States Department of Justice that was stamped RECEIVED at 1:20 pm against Citibank N.A. Item no. 4 stated fraud and the recording of false and fraudulent documents with the Riverside County Recorder that attached the Notice of Default as one of the false/fraudulent documents.

50. A Form 1099-A Acquisition or Abandonment of Secured Property dated 01-13-2011 was filed with the IRS by Servicer American Home Mortgage Servicing Inc. for the Riverside property, stating they acquired the property on 6-23-2008.

51. On March 14, 2011 a NOTICE was signed by Ron Mellfelt (not sure of spelling) of N & C Services that stated he came out to put sod in the yard at the Riverside property on behalf of the owner of property, American Home Mortgage Servicing Inc.

52. On March 29, 2011 Plaintiffs served Honorable Judge Sherri Carter at the California Superior Court Executive Offices with a Notice of Fraudulent Eviction Proceeding regarding the Riverside property.

53. On March 30, 2011 Plaintiff Jamie Yvonne Mack filed a Chapter 13 bankruptcy. The Chapter 13 was converted it to a Chapter 7 on May 23, 2011 with the United States District Bankruptcy Court, Central Division, Riverside, Case No. 6-11-bk-20377-DS. Both the Corona and Riverside properties were listed as assets and unsecured.

54. In 2012 Senator (former attorney general) Kamala Harris announced the $28 Billion Dollar Settlement from 5 major banks for wrongfully foreclosing on California Homeowners because of the bank's wrongful foreclosure practices in using false, fraudulent and missing documents to take California Homeowners homes from January 1, 2008 through December 31, 2011.

55. On March 23, 2012 Plaintiffs sent Stanley Sniff, Sheriff – Coroner an Affidavit To Cease And Desist via certified mail no. 7010 0290 0002 1530 1203 regarding both properties to prevent any further injury to Plaintiffs.  The Affidavit also reminded the Sheriff that Plaintiffs completed their administrative process against Citibank.

56. On May 25, 2012 an Eviction Restoration Notice regarding the Riverside property was signed by Sheriffs Authorized agent for state court case no. MVC10003065 and Levying Officer File No. 2012103127.

57. On September 18, 2013, Plaintiffs received a Chapter 7 federal bankruptcy discharge order dated September 18, 2013.  Both properties' debt was discharged in which both properties are still under the protection of federal bankruptcy law.

58. After the federal discharge Order, granting all ownership rights back to Plaintiffs, Plaintiffs drove to El Centro in Imperial County, California on October 3, 2014 to have a Correction of the Grant Deed for Corona and Riverside property notarized.

59. While still in El Centro on October 3, 2014, Plaintiffs received a seal-stamped Certificate of Public Official Notary Public for Claudia I. Cruz, Commission No. 1944033 and Brianda Rodriguez, Commission No. 1947971.

60. On October 4, 2014, Plaintiffs recorded a Correction of the Grant Deed on the Corona property for the purpose of "re-recording the grant deed that was previously recorded on 9/28/1992 to add Grantee acknowledgment of grant deed as stated on the document recording page, which had attached the (1)  original grant deed/ legal description, (2) acknowledgment and acceptance and (3) Certificate of Public Official Notary Public for Brianda Rodriguez that states, as a notary public, duly appointed, commissioned and authorized by the state of California to take and certify acknowledgment of deeds and other instruments in writing and that full faith and credit are and ought to be given to her official acts.

61. On October 4, 2014, Plaintiffs recorded a Correction of the Grant Deed on the Riverside property, for the purpose of "re-recording the grant deed that was previously recorded on 9/28/~~2006~~ to add Grantee acknowledgment of grant deed as stated on the document recording page, which had attached the (1) original grant deed/ legal description, (2) acknowledgment and acceptance and (3) Certificate of Public Official Notary Public for Claudia I. Cruz that states, as a notary public, duly appointed, commissioned and authorized by the state of California to take and certify acknowledgment of deeds and other instruments in writing and that full faith and credit are and ought to be given to her official acts.

62. Document # 2014-0387757 and Document # 2014-0387758 (CORRECTION OF GRANT DEED) for the Corona and Riverside property, both recorded on October 10, 2014, "each" included the original "unaltered" grant deed attached to each document.

63. The Chapter 7 discharge was granted on September 18, 2013, prior to the October 10, 2014 recording of the two Correction of grant deed(s).

64. On October 10, 2014, the Riverside County Recorder's Office took Plaintiffs' recording fee(s), recorded both Correction of Grant Deed(s), and did not give Plaintiffs an "Unrecordable Document Notice." However, the same day, the Riverside County Recorder's Office notified the D.A. office.

65. On October 17, 2014, Larry W. Ward, Assessor-County Clerk-Recorder and Paul E. Zellerbach District Attorney sent a Courtesy Notice to Abbas S. and Sohila A Faradjollah, (Defendants/Trespassers) informing them of the recording of the Correction of Grant Deed on the Corona property.

66. On October 22, 2015, Kelly Nava (Nava) did an Initial Narrative that was part of the criminal case stating Plaintiffs were the previous owners of the property but lost it to foreclosure. Nava's Narrative also stated, "I attempted to locate Plaintiffs for a statement." "They do not live at any of their previous addresses listed for the past 10 years."

67. On February 7, 2017, the D.A. office filed a Felony Complaint against Plaintiffs, Case No. RIF1700487, THE PEOPLE OF THE STATE OF CALIFORNIA v. JAMIE YVONNE MACK and BRUCE MACK for violation of C.P.C. § 115 a felony. The complaint states "Defendants did willfully,

unlawfully, and knowingly procure and offer a false and forged instrument." The Felony Complaint also stated, Cash Bond Recommended: $165,000.00 each Defendant.  Warrant.

68.  On February 9, 2017, 2 Declarations done by Kelly Nava was filed that stated, "the Defendants were previous owners of the property and lost it in foreclosure."

69.  On July 21, 2017, Plaintiffs reached out to Defendant, District Attorney Craig Johnson (Johnson) a third time to inform him that Plaintiffs had evidence that H & R BLOCK BANK and Citibank, N. A. did **not** foreclose.

70.  On August 11, 2017, Plaintiffs received a letter from the United States District Bankruptcy Court regarding Plaintiffs' request to move forward in obtaining un-administered assets in Plaintiffs' Chapter 7 discharged case no. 6:11-bk-20377-DS, in which the Corona and Riverside properties were part of those assets.

71.  On August 24, 2017, Plaintiffs were arrested by four Riverside Police Officers: Officer Evan Wright, Badge # 1453, Officer Christopher Carmona, Badge No.1781, Officer  S. Macias (maybe known as Daniel Macias), Badge # 1434 and Officer Jeffrey Pap, Badge # 1668 all from the Riverside Police Department.

72.  On August 24, 2017, the arresting Officers stated they had arrest warrants for Plaintiffs' arrests, but failed to provide ones when demanded by Plaintiffs.

73.  Plaintiff Bruce Mack was booked on August 24, 2017, housed and given a bed on Friday August 25, 2017.

74.  Plaintiff Jamie Yvonne Mack had to be taken to emergency twice, once on August 24th and a second time on August 25, 2017 because of elevated blood pressure due to the trauma/stress of the arrest.  Plaintiff Jamie Yvonne Mack was finally booked on August 26, 2017, housed and given a bed on Saturday August 26, 2017.

75.  On August 28, 2017 at the video arraignment, Plaintiffs, Plaintiffs were denied O.R. and a reduction in bail for a for a first-time offense, non-violent crime.

76.  On August 28, 2017, Plaintiff Jamie Yvonne Mack was Fed-Kicked pursuant to Federal Court Order SA-CV-93808 AHS (RWRx).

77.  On August 31, 2017 Plaintiff Bruce Mack was released on a $13,215.00 Bond, see Promissory Note attached to Exhibit List.

78.  Once released from jail, Plaintiffs contacted the court, the public defender's office, the District Attorney's Office, the Riverside Police Department, Officer Rossi at the Riverside Police Department and Detective Sevilla (not sure of spelling) at the Riverside Police Department, and discovered that the agencies had no copy of an arrest warrant.

### C. <u>STATEMENT OF THE CASE F.R.C.P. RULES 7 and 8</u>

79.  This case involves both Plaintiffs' real properties located at 1404 Via Del Rio, Corona, and 17201 Bluff Vista Court, Riverside.  Each and every one of these Defendants have knowledge that they violated the bankruptcy stay, violated Plaintiffs' civil rights, violated federal bankruptcy discharge order; made false statements which resulted in false charges and a false arrest against PLAINTIFFS. Defendant Sheriff Department investigated allegations of a false arrest and foreclosure over PLAINTIFFS' two real properties in the state court case no. RIF1700487, PEOPLE OF THE STATE OF CALIFORNIA v. JAMIE YVONNE MACK, BRUCE MACK that was filed on February 7, 2017 by SWTLE, involving Defendants, Craig Johnson, Michael Hestrin, Maureen DuMouchel, Kelly Nava and Cheryl Parker, employed with the Riverside District Attorney Office.  These Defendants had no jurisdiction to violate the bankruptcy stay when the Plaintiffs had a Discharge against all parties known and unknown and DOE Defendants.

80.  The D.A.'s criminal charges are unsubstantiated and circumstantial as there has been no crime committed by Plaintiffs.  Evidence was concealed in the criminal case of the two prior complaints of real estate mortgage fraud, civil rights violation and violation of C.P.C. § 115 filed by Plaintiffs in 2010 that the D.A. failed to investigate prior to filing the state criminal charges against Plaintiffs.  Each and every one of these defendants is violating prohibitions against DOUBLE JEOPARDY.  If the District Attorney had a problem with the Chapter 7 and the bankruptcy stay and discharge, which the state court has full knowledge, it should have been brought as a civil matter.  The state court had no jurisdiction. Foreclosure is a federal issue under 2409 and 2410.  It must be a judicial sale by the court, and NOT by defendants doing a foreclosure and selling the properties.  Each and every one of these defendants must explain to the court how were they able to foreclose, then sell Plaintiffs' real properties <u>without</u> getting a

judicial ruling from the federal court. The real properties are federal issues, and must go through HUD guidelines. Defendants conspired with each other to carry out their plan to steal Plaintiffs' real properties and deny Plaintiffs due process of law.

81. Defendants The State of California (the State) and the Riverside County District Attorney Office (D.A.) acted on behalf of defendant mortgage companies, and bought 2 Counts of felony charges against Plaintiff Bruce Mack and 5 Counts of felony charges against Plaintiff Jamie Yvonne Mack for violation of C.P.C. § 115. These false charges were based on uninvestigated allegations of a foreclosure, concealing exculpatory evidence obtained in 2010 by Plaintiffs and ignoring jurisdiction in violation of a federal bankruptcy discharge order giving Plaintiffs ownership rights/interest over the Corona and Riverside property.

82. Plaintiffs purchased the 1404 Via Del Rio, Corona California property on September 16, 1992 with Directors Mortgage, and became the lawful owners memorialized by the mortgage note, and grant deed dated September 16, 1992; and became the lawful owners of the 17201 Bluff Vista Court, Riverside, California property on September 28, 2006 with Wholesale Capital Corporation memorialized by the mortgage note, and grant deed dated September 28, 2006, as set out in the Disclaimer of Interest in Real Property – 28 U.S.C. 2410 and applicable state court laws, including but not limited to Civil Code § 2924a and federal guidelines of the Department of Housing and Urban Development, Federal Housing Commissioner.

83. Plaintiffs Bruce and Jamie Mack are the lawful owners of the subject premises, publicly located at 17201 Bluff Vista Court, Riverside, California. Wholesale Capital Corporation was the original lender memorialized by the mortgage note and deed, by way of a grant deed dated September 28, 2006. The deed was recorded in the Riverside County Recorder Office, Riverside California.

84. On September 18, 2013, Plaintiffs received a Chapter 7 federal bankruptcy discharge order dated September 18, 2013. Both properties debt was discharged in which both properties are still under the protection of federal bankruptcy law.

85. Each and every one of these Defendants had knowledge of the Chapter 7 Bankruptcy discharge, and are still coming after Plaintiffs and harassing them. The Sheriff has gotten involved in getting false charges against Plaintiffs over their real properties. NONE of the Defendants filed a Claim

1    with the Chapter 7 bankruptcy court. All of the Defendants were listed, none filed Claims with the

2    bankruptcy court, and have no standing. The mortgage companies Plaintiffs made their loan with

3    claimed that they sold Plaintiffs' property, when Plaintiffs never made loans with those mortgage

4    companies. Plaintiffs are requesting an accounting to produce all loan documents.

### H & R BLOCK BANK'S Involvement:

6       86.   On September 28, 1992 a grant deed was recorded, Document Recording No. 361867

7    granting the 1404 Via Del Rio Corona CA 92882 (Corona) property from Francis D. Cook to Bruce

8    Mack and Jamie Mack giving Plaintiffs ownership rights to the Corona property.

9       87.   On June 26, 2009 HRBB filed a lawsuit against Plaintiffs and got judgment entered on

10   August 4, 2009. California Commercial Code § 3301 clearly identifies the person entitled to enforce a

11   security interest for initiating a foreclosure sale under a deed of trust; and a person who is not identified

12   does not have the right to enforce such a interest.

13      88.   On March 22, 2010 Plaintiffs completed their administrative issues against the H & BLOCK

14   BANK and the Riverside Superior Court, the Sheriff Department, and the County Recorder were all

15   notified. H & R Block Bank had no right, title, or interest in the 1404 Via Del Rio, Corona property.

16      89.   Plaintiffs exhausted their administrative remedies for H & R Block Bank on March 22, 2010

17   as evidenced by the Notary Affidavit of Non-Response. Plaintiffs contacted H & R Block Bank

18   numerous times to provide written evidence of proof of claim and right to foreclose, HRBB failed to

19   respond or provide any evidence to the contrary.

20      90.   A copy of the Notary Affidavit of Non-Response was sent to H & R Block Bank dated March

21   22, 2010, certified mail no. 7009 3410 0000 9923 5448. H & R Block Bank did not respond.

22      91.   A copy of the Notary Affidavit of Non-Response for H & R Block Bank was sent to the

23   Riverside Superior Court, certified mail no. 7009 3410 0000 9923 5455; the Riverside County Recorder,

24   certified mail no. 7009 3410 0000 9923 9200 and the Riverside County Sheriff's Department, certified

25   mail no. 7009 3410 0000 9923 9193 in March 2010 as well.

26      92.   After Plaintiffs exhausted their administrative remedies on both properties, Plaintiffs filed a

27   third Complaints with the Riverside County District Attorney's Office on July 21, 2017 listing both the

28

1   Corona and Riverside property as victims of real estate mortgage fraud and civil rights violation, and

2   Defendants, the D.A. and Johnson refused to investigate the matter.

3       93.   On June 30, 2017 Jamie Mack spoke with a representative of the Federal Trade Commission

4   and the Office of the Comptroller of Currency and they both informed her that H & R Block Bank was

5   not in the chain of banks for the mortgage loan account on the Via Del Rio property.

6       94.   On or about July 5, 2017 Plaintiffs was informed by the California Secretary of State that H

7   & R Block Bank filed a Certificate of Surrender of Right To Transact Interstate Business for California

8   on October 2, 2008.  H & R Block Bank was not licensed in California at the time of foreclosure.

9       95.   On July 5, 2017, Plaintiffs was informed by the Consumer Financial Protection Bureau and

10  other government agencies that the loan account for the 1404 Via Del Rio, Corona property did not list

11  H & R Block Bank in the chain of banks.  H & R Block Bank unlawfully stole Plaintiffs property.  That

12  is fraud, unjust enrichment and in violation of Plaintiffs constitutional rights and civil rights.

13      96.   This means the Notice of Default filed into the Riverside County Recorder, Document No.

14  2008-0324230 on 6/13/2008 and Trustees Deed Upon Sale, Document No. 2009-0193989 recorded

15  4/21/2009 are false and forged documents. The fact that H & R Block Bank didn't foreclose in 2009, the

16  documents are a violation of C.P.C. § 115.

17  <u>**Defendant Citibank, N. A.'s (Citibank) Involvement:**</u>

18      97.   On September 28, 2006 a grant deed was recorded, Document Recording No. 2006-

19  0716857 granting the 17201 Bluff Vista Court, Riverside CA 92503 (Riverside) property from David J.

20  and Debra J Steffgen to Jamie Y. Mack giving Plaintiffs ownership rights to Riverside property.

21      98.   On July 25, 2008 Citibank filed a lawsuit and got judgment entered on October 9, 2008.

22  Citibank had no right, title, or interest in the 17201 Bluff Vista Court, Riverside property.

23      99.   On June 26, 2009 HRBB filed a lawsuit against Plaintiffs and got judgment entered on

24  August 4, 2009.  California Commercial Code § 3301 clearly identifies the person entitled to enforce a

25  security interest for initiating a foreclosure sale under a deed of trust; and a person who is not identified

26  does not have the right to enforce such a interest.

27

28

100. On January 1, 2010 Plaintiffs completed their administrative process against the property/bank and Citibank, the Riverside Superior Court, the Sheriff Department, and the County Recorder were all notified.

101. Plaintiffs received a Letter dated April 19, 2010 from Attorney Barry D. Hovis of Musick, Peeler & Garrett LLP that stated Citibank has no financial relationship of any kind or nature with Plaintiffs. Evidence shows Citibank N. A. didn't foreclose in 2008.

102. Since Citibank didn't have any financial relationship with Plaintiffs, then Citibank had no lawful claim to have sued for possession and received a judgment. The Notice of Default filed into the Riverside County Recorder, Document No. 2008-0008678 on 1/7/2008 and Trustees Deed Upon Sale, Document No. 2008-0352977 recorded 6/27/2008 are false and forged documents. The fact that Citibank didn't foreclose in 2008, means the documents violated C.P.C. § 115.

103. On May 25, 2010 Citibank filed a lawsuit against Plaintiffs and got judgment entered on October 1, 2010. California Commercial Code § 3301 clearly identifies the person entitled to enforce a security interest for initiating a foreclosure sale under a deed of trust; and a person who is not identified does not have the right to enforce such a interest.

104. Plaintiffs exhausted their administrative remedies for Citibank on January 1, 2010 as evidenced by the Notary Affidavit of Non-Response. Plaintiffs contacted Citibank N. A. numerous times to provide written evidence of proof of claim and right to foreclose, Citibank failed to respond/provide any evidence.

105. A copy of the Affidavit of Non- Response dated January 1, 2010 was sent to Citibank N. A., certified mail no. 7009 1680 0001 7850 4444. Citibank did not respond. See Exhibit A – Notary Affidavit of Non-Response of Exhibit List filed concurrently with this complaint.

106. A copy of the Affidavit of Non- Response for Citibank N. A., was sent to the Riverside Superior Court, certified mail no. 7009 1680 0001 7850 4383; the Riverside County Recorder, certified mail no. 7009 1680 0001 7850 4420 and the Riverside County Sheriff's Department, certified mail no. 7009 1680 0001 7850 4437 in January 2010, as well.

107. On June 7, 2010 Citibank filed a lawsuit against Plaintiffs with the Riverside Superior Court, Case No. RIC10011245, Citibank v. Mack. Citibank dismissed the case on October 7, 2013.

Both H & R Block Bank and Citibank committed fraud by obtaining a judgment in their favor for financial gain and unjust enrichment that has and still is causing injury to Plaintiffs by the filing of false charges and an illegal arrest.

108.   Both banks (H & R Block Bank and Citibank N. A.) were notified of the bankruptcy filing by Plaintiffs and the Bankruptcy Noticing Center, CR# 29063938 for H & R Block Bank and CR# 29341394 for Citibank N.A. as evidenced by the Chapter 7 Trustee's CERTIFICATE OF NOTICE, Docket No. 106 filed September 20, 2013 with the Riverside County Bankruptcy Court. Both banks failed to file a counterclaim, object or contest the bankruptcy and both properties are still under the protection of federal bankruptcy law. See Exhibit List A – Trustee Certificate listed on Exhibit List filed concurrently with this complaint.

109.   The fact that a March 14, 2011 Notice was signed by a representative acting on behalf of American Home Mortgage Servicing Inc (a servicer) stating it owned the Riverside property is on-going evidence of this fraud, racketeering and scheme by defendants to deprive Plaintiffs of rights afforded to them.

110.   Based on fraud committed by entities H & R Block Bank and Citibank, the following recorded documents that are still listed in public record are in violation of C.P.C. § 115:

111.   On January 7, 2008 a Notice of Default was recorded, Document Recording No. 2008-0008678 on the Riverside property stating, contact Option One Mortgage Corporation, care of Quality Loan Servicing Corp. 2141 5th Avenue, San Diego CA 92101.

112.   On June 4, 2008 a Notice of Trustee Sale was recorded, Document Recording No. 2008-0302469 on the Riverside property that shows date of sale 6/23/2008.   This is a false document. Evidence obtained in June of 2017 shows Citibank did not foreclose.

113.   On June 13, 2008 a Notice of Default was recorded, Document Recording No. 2008-0324230 on the Corona property, stating: contact H & R BLOCK BANK, care of Countrywide Home Loans Inc. 400 Countrywide Way, SV-35, Simi Valley, CA 93065.

114.   A letter posted on Plaintiffs Bluff Vista property from Peter Lewis of Quantum Realtors dated June 26, 2008 stated the Riverside property is currently owned by Option One Mortgage and was lawfully acquired through the foreclosure process.   This is fraud, perjury, conspiracy and racketeering.

Peter Lewis claimed to represent Citibank in state court case no. MVC10003065. Evidence obtained in June of 2017 shows Citibank did not foreclose.

115. On June 27, 2008 a Trustee's Deed Upon Sale was recorded, Document Recording No. 2008-0352977, states Citibank is the foreclosing beneficiary. This is a false document. Evidence obtained in June of 2017 shows Citibank did not foreclose.

116. On October 14, 2008 a Notice of Trustee Sale was recorded, Document Recording No. 2008-0550829 on the Corona property that shows date of sale September 17, 2008. This is a false document. Evidence obtained in June of 2017 shows H & R BLOCK BANK did not foreclose.

117. On April 21, 2009 a Trustee's Deed Upon Sale was recorded, Document Recording No. 2009-0193989 states H&R BLOCK BANK was the foreclosing beneficiary. Evidence obtained in June of 2017 shows H & R BLOCK BANK did not foreclose.

118. On September 23, 2009 an Eviction Restoration Notice regarding the Corona property was signed by Sheriffs Authorized agent M. Lucero, Badge #3443 for state court case no. RIU01345 and Levying Officer File No. 2009071343. The Sheriff was part of the fraud. This is a false document in violation of C.P.C. § 115. This is fraud, conspiracy, racketeering and theft.

119. Based on the above public recordings that are still in public record, they are slandering Plaintiffs legal title to the properties and causing a cloud on Plaintiffs title, and Trespassers, the Faradjollahs and Richards appear to be involved in the fraud and Plaintiffs have suffered and are continuing to suffer damages as stated herein and in amounts to be proven at trial. As a result of Defendants conduct, Plaintiffs have incurred and are continuing to incur expenses for such fraud and slander until Plaintiffs are made whole.

120. Defendants H & R Block Bank and Citibank's fraud was not investigated or investigated by Defendants, the State, HUD, Hestrin, Johnson, the D.A., Nava, Parker, the Sheriffs, the PD or Becerra to Plaintiffs detriment that caused and is still causing injury to Plaintiffs by the loss of the properties, false felony charges, false arrest and harassment/embarrassment, mental anguish, emotional distress, diminishment of quality of life, restriction of civil liberties due to fraud and the continued state court ordered appearances with the state court lacking jurisdiction over Plaintiffs as a direct result of

1  Defendants' illegal acts and making false statements about Plaintiffs' real properties.  As we speak,

2  defendants are in violation of Chapter 7 bankruptcy stay and discharge.

3  <u>**Defendant, Housing and Urban Development's (HUD) Involvement:**</u>

4  121.  Both properties were under federal guidelines of Defendant: the Department of Housing

5  and Urban Development (HUD), and are listed on Plaintiffs HUD 1 Settlement Statements in which

6  Secretary Ben Carson of HUD was notified on March 23, 20⧫18 and Senator Dianne Feinstein received

7  a Letter dated March 28, 2018 regarding Mortgage related HUD violations and civil rights violation

8  regarding the real properties in state criminal case no. RIF1700487.

9  122.  HUD guidelines were not followed as neither bank got permission to foreclose from HUD

10  and without complying with HUD guidelines under Notice of Foreclosure (24 CFR 203.356) in

11  providing written notice to HUD that foreclosure had been instituted.  Verify with HUD at

12  https://www.hud.gov/sites/documents/43304C2HSGH.PDF.

13  123.  This is a government problem as HUD federal guidelines were not followed (mainly HUD

14  Regulation 24 CFR 203.356 as no title evidence reflecting ownership was sent to HUD) and HUD is a

15  government agency. Verify HUD 4330.1 Chapter 9 Foreclosure And Acquisition of The Property at

16  https://www.hud.gov/sites/documents/43301C9HSGH.PDF to download PDF.

17  124.  HUD failed to address any of Plaintiffs' concerns and sent a response letter to Senator

18  Dianne Feinstein received at her San Francisco Office on August 23, 2018 that had a 32 page list of

19  HUD agencies attached for Plaintiffs to contact.

20  125.  The issues of ownership over the two properties were already adjudicated in a Chapter 7

21  Bankruptcy Discharge Order on September 18, 2013 that entitles Plaintiffs to rightful ownership, of

22  which Plaintiffs are the rightful owners as evidenced by Document Recording No. 361867 granting the

23  1404 Via Del Rio Corona CA 92882 (Corona) property from Francis D. Cook to Bruce Mack and Jamie

24  Mack giving Plaintiffs ownership rights to the Corona property; and Document Recording No. 2006-

25  0716857 granting the 17201 Bluff Vista Court, Riverside CA 92503 (Riverside) property from David J.

26  and Debra J Steffgen to Jamie Y. Mack giving Plaintiffs ownership rights to the Riverside property.

27

28

126.  On September 28, 1992 a grant deed was recorded, Document Recording No. 361867 granting the 1404 Via Del Rio Corona CA 92882 (Corona) property from Francis D. Cook to Bruce Mack and Jamie Mack giving Plaintiffs ownership rights to the Corona property.

127.  On September 28, 2006 a grant deed was recorded, Document Recording No. 2006-0716857 granting the 17201 Bluff Vista Court, Riverside CA 92503 (Riverside) property from David J. and Debra J Steffgen to Jamie Y. Mack, and giving Plaintiffs ownership rights to Riverside property.

128.  Document # 2014-0387757 and Document # 2014-0387758 (CORRECTION OF GRANT DEED) for the Corona and Riverside property referenced in the state case no. RIF1700487, were both recorded on October 10, 2014, "each" included the original "unaltered" grant deed attached to each document.

129.  Neither Defendant HRBB or Citibank had standing to foreclose and take possession of the Corona or Riverside properties because enclosed evidence shows defendants did not foreclose and Plaintiffs never got notice from original mortgage company Directors Mortgage or Wholesale Capital that HRBB or Citibank N. A. took over the loan.  This is fraud and deception for personal gain as both defendants acted in bad faith, deceived the state court, Plaintiffs and the public.

130.  Defendants the state court, the D.A., Hestrin, Johnson, DuMouchel, Judges: Gunn, Hernandez, Fisher, Diaz and retired Judges: Pfeiffer and Brock and all defendants involved with state court case RIF1700487 had no cause or authority to move the criminal case forward, ignore jurisdiction, and fabricate criminal charges against Plaintiff over what should have been a civil matter if any of the state government employees had a problem with Plaintiffs' Chapter 7.

131.  On June 23, 2011 Plaintiffs submitted a fraud complaint to the Riverside Field office of the United States Department of Justice that was stamped RECEIVED at 1:20 pm against Citibank N.A. in which item no. 4 stated fraud and the recording of false and fraudulent documents with the Riverside County Recorder that attached the Notice of Default as one of the false/fraudulent documents.  The Plaintiffs have received no help as the date of this filing.

132.  Plaintiffs' injuries are on-going and continuous due to the fact that Citibank N. A. filed a Dismissal of Case No. RIC10003065 with the state court on October 7, 2013. As of December 19, 2018, Plaintiffs are still named on page 41 of the vexatious litigant list for Case No. RIC10011245 with the

1   Riverside Superior Court since February 16, 2011, see Exhibit List A - November 1, 2018 Vexatious
2   Litigant List filed concurrently with this complaint.

3                                    **Michael Hestrin's Involvement:**

4       133.  If Defendant, Hestrin would have had the D.A. investigate or investigate Plaintiffs two
5   complaints in 2010, Hestrin and the D.A. would have discovered the same evidence Plaintiffs obtained,
6   that neither bank foreclosed, that several state agencies such as the Consumer Financial Protection
7   Bureau and Federal Trade Commission stated neither bank was in the chain of banks regarding the
8   mortgage accounts; and that the Corona property was wrongfully taken due to fraud and an illegal
9   foreclosure/eviction on September 23, 2009 by entity H & R BLOCK BANK in state case no.
10  RIU013435 because evidence shows H & R BLOCK BANK didn't foreclose.

11      134.  Hestrin failed to have the D.A. investigate the foreclosure prior to filing the criminal charge
12  on February 7, 2017 and before filing additional charges against Plaintiffs on April 15, 2018 given the
13  facts above and stated herein.

14      135.  Defendants Hestrin, the D.A. and all named Defendants knew or should have known in
15  2012 about the $28 Billion Dollar Settlement obtained from former Attorney General Kamala Harris
16  from 5 major banks for wrongfully foreclosing on California Homeowners homes from January 1, 2008
17  through December 31, 2011.  Both Plaintiffs' properties were foreclosed/stolen in that timeframe.
18  Citibank N. A. was one of the banks and H & R BLOCK BANK surrendered its right to transact
19  interstate business on October 2, 2008.  The attached Exhibit List shows neither bank foreclosed.

20      136.  The fact that Hestrin and the D.A. failed to investigate or investigate Plaintiffs two
21  complaints in 2010 caused Plaintiffs' loss and injury and said injury is ongoing, because of the filing of
22  the felony charges and the fact that Erin Donovan, attorney for Citibank N. A. had Plaintiffs deemed
23  vexatious litigants on February 16, 2011, Case No. RIC10003065 with the state court and Plaintiffs are
24  still listed on the statewide Vexatious Litigant List as of the date of this filing, even though Citibank
25  dismissed their case.  *But for* Defendants' failures to investigate, Plaintiffs never would have suffered
26  injury, false charges, false arrest, false incarceration, and loss.

27      137.  If Hestrin and the D.A. would have investigated or investigated Plaintiffs' two complaints
28  in 2010, the D.A. would have discovered that the Riverside property was wrongfully taken due to fraud

and an illegal foreclosure/eviction on May 25, 2012 by entity Citibank N. A. that filed a dismissal in state court on October 7, 2013 for case no. RIC10011245 and that according to Fraud Investigator Leslie Thomas for Citibank, who researched Plaintiffs' loan account, Plaintiffs discovered due to those findings on October 21, 2017, Citibank didn't foreclose.

138. If Hestrin, the D.A. or Nava or Parker would have investigated Plaintiffs' prior claims and "or" Plaintiffs' claims prior to releasing Defendants' felony charge(s) and findings, all would have discovered the fraud of the following recorded documents by Defendants and all those in concert and conspiracy acting on behalf of H & R Block Bank and Citibank, N.A., which caused the following false documents and fake deeds to be recorded in public record against the Plaintiffs' real properties in violation of California Penal Code § 115.

139. On January 7, 2008 a Notice of Default was recorded, Document Recording No. 2008-0008678 on the Riverside property stating, contact Option One Mortgage Corporation, care of Quality Loan Servicing Corp. 2141 5th Avenue, San Diego CA 92101.

140. On January 7, 2008 - Notice of Default, Document Recording No. 2008-0008678 on the Riverside property. This is a false document in violation of California Penal Code § 115 because Citibank didn't foreclose.

141. On June 4, 2008 a Notice of Trustee Sale was recorded, Document Recording No. 2008-0302469 on the Riverside property that shows date of sale 6/23/2008.

142. On June 4, 2008 - Notice of Trustee Sale, Document Recording No. 2008-0302469 on the Riverside property that shows date of sale 6/23/2008. This is a false document, because a letter posted on Plaintiffs' Bluff Vista property from Quantum Realtors dated June 26, 2008 stated the Riverside property is currently owned by Option One Mortgage and was lawfully acquired through the foreclosure process. This is a false document in violation of California Penal Code § 115 because Citibank didn't foreclose.

143. On June 13, 2008 a Notice of Default was recorded, Document Recording No. 2008-0324230 on the Corona property stating, contact: H & R BLOCK BANK, care of Countrywide Home Loans Inc. 400 Countrywide Way, SV-35, Simi Valley, CA 93065.

144.   On June 13, 2008 – Notice of Default, Document Recording No. 2008-0324230 on the Corona property.  This is a false document in violation of California Penal Code § 115 because H & R BLOCK BANK didn't foreclose.

145.   On June 27, 2008 a Trustee's Deed Upon Sale was recorded, Document Recording No. 2008-0352977, states Citibank is the foreclosing beneficiary.

146.   On June 27, 2008 - Trustee's Deed Upon Sale, Document Recording No. 2008-0352977, states Citibank is the foreclosing beneficiary.  This is a false document in violation of California Penal Code § 115 because Citibank didn't foreclose.

147.   On August 18, 2008 – Corporation Assignment of Deed of Trust, Document Recording No. 2008-0455015 that grants, assigns and transfers to H & R BLOCK BANK all beneficial interest under Deed of Trust dated October 31, 2006.  This is a fake deed in violation of California Penal Code § 115 because H & R Block Bank didn't foreclose.

148.   On October 14, 2008 a Notice of Trustee Sale was recorded, Document Recording No. 2008-0550829 on the Corona property that shows date of sale September 17, 2008.

149.   On October 14, 2008 - Notice of Trustee Sale, Document Recording No. 2008-0550829 on the Corona property that shows date of sale September 17, 2008.  This is a false document in violation of California Penal Code § 115 because H & R BLOCK wasn't licensed in California at the time of the recording and H & R BLOCK BANK didn't foreclose.

150.   On April 21, 2009 a Trustee's Deed Upon Sale was recorded, Document Recording No. 2009-0193989 states H&R BLOCK BANK was the foreclosing beneficiary.

151.   On April 21, 2009 - Trustee's Deed Upon Sale, Document Recording No. 2009-0193989 recorded on the Corona property that states H&R BLOCK BANK was the foreclosing beneficiary.  This is a false document in violation of C.P.C. § 115 because H & R BLOCK wasn't licensed in California at the time of the recording and H & R BLOCK BANK didn't foreclose.

152.   On December 11, 2009 – Grant Deed , Document Recording No. 2009-0637857 recorded on the Corona property that states H & R BLOCK BANK grants to Abbas S. Faradjollah and Sohila A. Faradjollah, husband and wife and Abraham Abdi a single man as joint tenants.  This is a fake deed in

1    violation of C.P.C. § 115 because of fraud that also caused other false recordings in the county records

2    against the Corona property.

3         153.  On July 24, 2012 – Grant Deed, Document Recording No. 2012-0346115 recorded on the

4    Riverside property states Citibank, N. A., AS TRUSTEE FOR MERRILL LYNCH MORTGAGE

5    INVESTORS TRUST MORTGAGE LOAN ASSET-BACKED SECURITES SERIES 2007-HE grants

6    to SCOTT JONES, A MARRIED MAN the described real property.  Citibank bank didn't foreclose and

7    dismissed the RIC10011245 state case. This is a fake deed in violation of C.P.C. § 115  because the trust

8    didn't foreclose and neither did Citibank.

9         154.  On December 26, 2012 Scott Jones caused the Riverside property to be grant deeded to

10   Walter and Tourmaline Segura joint tenancy, Document Recording No. 2012-0630133. This is a fake

11   deed in violation of C.P.C. § 115 because of fraud that also caused other false recordings in the county

12   records against the Riverside property.

13        155.  All listed defendants are in violation of the federal bankruptcy stay based on fraud, and the

14   fact that both defendants H & R Block Bank and Citibank had no authority or standing to do what they

15   did and have judgment entered in their favor in the various courts and have the properties sold to

16   defendant/trespasser occupants the Faradjollahs and the Richards.  The judgments are void now for then,

17   because all transfers/sales based on fraud, are invalid under California Law.

18                                     **Craig Johnson's Involvement**:

19        156.  Defendant, Craig Johnson received exculpatory evidence in Plaintiffs two prior complaints in

20   2010, prior to any of the Reports, Initial Narratives made by Defendant Nava or Forensic Document

21   Examiner's Report made by Defendant Parker employed with Defendant D.A. and another in 2017 with

22   evidence attached that neither bank (H & R Block Bank and Citibank N.A.) foreclosed.  Johnson sat idly

23   by while Plaintiffs were arrested, imprisoned and their civil rights violated in the D.A.'s organized

24   scheme (felony complaint and felony charges) in collusion with the state and state court and all

25   defendants involved in the state court case to deprive Plaintiffs of their rights and civil liberties in what

26   seems to be a hate crime against Plaintiffs.

27

28

157. Johnson's concealment of such exculpatory evidence has caused and is continuing to cause Plaintiffs injury due to manufactured charges, having the state case continue without jurisdiction over Plaintiffs in conspiracy with defendants, the D.A., DuMouchel, Nava, Parker, the state court and PD.

158. Johnson is knowingly causing Plaintiffs on-going injury by not providing that exculpatory evidence to DuMouchel due to the fact that Plaintiffs reached out to Defendant District Attorney Craig Johnson three times to investigate the foreclosure and violation of C.P.C. § 115 and that exonerating evidence was withheld from the state case # RIF1700487. This is a violation of Plaintiffs civil rights and right to due process.

159. If Defendant, Johnson would have investigated Plaintiffs two complaints in 2010 or investigated the foreclosure prior to filing the February 7, 2017 felony complaint against Plaintiffs, Johnson, the D.A., Hestrin, DuMouchel and all defendants involved in the state case no. RIF1700487 would have discovered a Form 1099-A Acquisition or Abandonment of Secured Property dated 01-13-2011 was filed with the IRS by Servicer, American Home Mortgage Servicing Inc. for the Riverside property, stating they acquired the property 6-23-2008.

160. The fact that 1099s were filed with the IRS, regarding the foreclosure of the Corona and Riverside properties by other entities other than Defendants HRBB and Citibank is evidence of Defendants' conspiracy, fraud and racketeering.  The fake deeds, false filing and recording of foreclosing documents by both named defendants is what all named Defendants relied on to all do what they did in bringing felony charges against Plaintiffs in a court that had no jurisdiction, over a matter that was civil and NOT criminal.

161. On March 29, 2011 Plaintiffs served Defendant, the Court c/o: Honorable Judge Sherri Carter at the California Superior Court Executive Offices with a Notice of Fraudulent Eviction Proceeding regarding the Riverside property but the court has not responded.

162. If Johnson would have investigated Plaintiffs two complaints in 2010, the D.A. could have discovered that Plaintiffs did not lose the property to foreclosure and that all the foreclosing documents recorded in public record are fraudulent and in violation of C.P.C. § 115 because Citibank and H & R Block Bank foreclosure on Plaintiffs' property was based on fraud because Citibank did not have a financial relationship with Plaintiffs, H & R Block Bank surrendered their right to do business in California in 2008,

and neither bank were creditors of Plaintiffs, never filed Claims with the bankruptcy court, were not authorized to foreclose. Johnson failed to provide honest services and investigate Plaintiffs' complaint that has resulted in Plaintiffs' injuries on August 24, 2017 by the false arrest/imprisonment, which is on-going and continuing by knowing that the state court is violating Plaintiffs' civil rights by continuing the felony case without jurisdiction. Defendant's conduct in concealing such evidence in the state case appears to be a hate crime against Plaintiffs.

163. Said concealment of exculpatory evidence by Johnson caused the following below named defendants to trespass against Plaintiffs' constitutionally protected rights and violate Plaintiffs' due process and civil rights:

**Kelly Nava's Involvement:**

164. On October 22, 2015, a Report, file no. DAR2015-161-001 was signed by Reporting Officer K. Nava and reviewed by Special Investigator C E J (informed and believe this is Craig E. Johnson). The Report stated in item 8 – Offenses 115 PC, Record false document with public office, and Nava stated under Additional Suspects, page 2 of 2 in item 17 "Residence Address" - Unk Transient.

165. The Initial Narrative , page 1 of 2 dated October 22, 2015 stated the property was lost to foreclosure in or around 2008, listed Victim – Abbas S. Faradjollah and that the crime was discovered when victim (Abbas Faradjollah) received a "Courtesy Notice" from Riverside County District Attorney's Office dated October 17, 2014. Page 2 of 2 Nava stated "I attempted to locate Plaintiffs for a statement." "They do not live at any of their previous addresses listed for the past 10 years." "Ultimately, I was not able to locate Plaintiffs."

166. Prior to October 22, 2015, the date of the Initial Narrative made/signed by Defendant Nava, Plaintiffs only had three addresses since 1992, which were the two properties that Kelly Nava stated Plaintiffs lost to foreclosure. Nava would not have attempted to contact Plaintiffs at addresses Nava stated Plaintiffs lost to foreclosure and was no longer occupying the properties, and 5757 Dodd Street, Mira Loma, CA 91504, Nava never contacted Plaintiffs at. Therefore, the Initial Narrative by Nava that is part of the state criminal case is false in violation of C.P.C. § 115. Nava knowingly, willingly and intentionally made false statements and Report.

167.  On February 9, 2017 a DECLARATION IN SUPPORT OF ARREST WARRANT naming Jamie Yvonne Mack and Bruce Mack was filed with the Court, signed by Senior Investigator Kelly Nava (Defendant, Nava) employed by Defendant D.A., in which Nava states the following to be true: "V-Abbas Faradjollah is the current owner of the property. He discovered this crime via a courtesy notice from the County Recorder of a filed document on his property."

168.  Defendant Nava's Declaration(s) dated 1/18/2017 further stated to be true, that "the defendant were previous owners of the property and lost it in foreclosure in 2008; therefore, they had no legal standing to the property."   The Declaration(s) had "Transient" listed for defendants address. *Transient* is a biased, prejudicial label, as Plaintiffs are not, and have never been, vagrants or "transients" living on the streets.

169.  On March 6, 2018 a 5-Page Investigator's Report was made and signed by K. Nava stating a 17201 Bluff Vista Court, Riverside, CA 92503 prior property owned by Plaintiff Jamie Mack and numerous documents recorded against that property she suspects are frivolous or falsely recorded. According to California Law, any documents (i.e., evidence) received after a false arrest is inadmissible in a court of law.

170.  On April 5, 2018 another 2-Page Investigator's Report was made and signed by K. Nava for Court #RIF1700487.  According to California Law, any documents (i.e., evidence) received after a false arrest is inadmissible in a court of law.

### Chery Parker's (Parker) Involvement:

171.  On October 23, 2017 Defendant Parker made and signed a 2-Page"Forensic Document Examiners' Report" with attachments, that claim Plaintiffs lost the property to foreclosure on April 21, 2009.  The above listed Report was made based on one-sided circumstantial evidence, fraud and in violation of federal bankruptcy law.  According to California Law, any documents (i.e., evidence) received after a false arrest is in admissible in a court of law.

172.  The unsubstantiated allegations by Parker in her report that Plaintiffs lost the property due to foreclosure was done without Parker taking proper measures in the performance of her duties to investigate the facts of the foreclosure prior to making that statement, which is negligent.

173. The attached Exhibit List is prima facie that Parker made her report without investigating any facts of Plaintiffs' two 2010 complaints filed with the D.A. to determine that the foreclosure was illegal and that neither bank had authority or standing to foreclose. This is fraud. Parker has a fiduciary duty not to cause any hint of deception or harm to one of the people, Parker has done so and caused harm and injury to Plaintiffs, as the state court has still been ordering Plaintiffs to appear before the state court knowing there is no jurisdiction and no crime has been committed for the court to be continuing the case, which is a civil, NOT criminal matter. It is <u>Defendants</u>' failure to investigate, and <u>Defendants</u>' conspiracy in entry of false documents and reports which is <u>criminal</u>.

174. Parker acted in concert with all other defendants (the D.A., the state, the state court, Johnson, DuMouchel, Fisher, Hernandez, Leonard, Brock, Diaz and Gunn) involved in the state court case, who appear to have made unsupported, biased, prejudicial statements and conspired against Plaintiffs who are black senior citizens and appear to have been targeted and falsely charged and imprisoned for a manufactured felony crime.

175. Plaintiff Bruce Mack was initially assigned a Public Defender Patricia Cabrera and Plaintiff Jamie Yvonne Mack was assigned a Private Attorney Lori Myers from the court. Plaintiff Bruce Mack dropped off at his public defender's office the below document for her to file in the case based on no jurisdiction:

176. Plaintiff Bruce Mack's Motion To Request All Documents Leading Up To Arrest was the only document stamped RECEIVED but not filed with the state court.

177. Plaintiffs later discovered from Internal Affairs of the Riverside Police Department that the four Police Officers exceeded police powers. In other words, there was no arrest warrant issued for Plaintiffs' arrest at the time of arrest on August 24, 2017. Plaintiffs were falsely arrested and bought before the state court.

178. The actions of Parker and all named defendants involved with the state court case in continuing the charges against Plaintiffs is abuse of authority, harassment and appear to be a racially motivated hate crime because of Parker and all those in concert involved in the state court case perceived perception that Plaintiffs lost the property to foreclosure which is <u>false</u>, without Parker or the D.A. ever investigating the foreclosure.

179.   Parker had a fiduciary duty to investigate all aspects of a suspected crime without her investigation being one-sided.  This is continuing to cause injury to Plaintiffs because Parker failed to mention the two prior complaints Plaintiffs filed with the D.A. in 2010, or mention any of the nine (9) pleadings Plaintiff Bruce Mack filed into the state court case.  Plaintiffs' injuries are continuous due to Defendants' harassment and intentional infliction of emotional distress, which has cause Plaintiffs trauma by being falsely arrested, falsely imprisoned, caused financial stress of excessive bail, diminishment of quality of life due to the stress and embarrassment of being incarcerated, health challenges due to elevated blood pressure, anxiety, and alienation of some family and friends.

### The Riverside Police Department's Involvement (RPD):

180.   On August 24, 2017, Riverside Police Department violated Plaintiffs' 4th Amendment rights, restricted their civil liberties, and violated Plaintiffs' constitutionally protected rights and due process rights by arresting Plaintiffs.  The four Riverside Police Officers who arrested Plaintiffs were: Officer Evan Wright, Badge # 1453, Officer Christopher Carmona, Badge No.1781, Officer  S. Macias (maybe known as Daniel Macias), Badge # 1434 and Officer Jeffrey Pap, Badge # 1668 all from the Riverside Police Department.

181.   On August 24, 2017, the arresting Officers stated they had arrest warrants for Plaintiffs arrest, but failed to provide ones when demanded by Plaintiffs.

182.   Plaintiff Bruce Mack was booked on August 24, 2017, housed and given a bed on Friday August 25, 2017.

183.   Plaintiff Jamie Yvonne Mack had to be taken to emergency twice, once on August 24th and a second time on August 25, 2017 because of elevated blood pressure.  Plaintiff Jamie Yvonne Mack was finally booked on August 26, 2017, housed and given a bed on Saturday August 26, 2017.

184.   The action of the four arresting Officers above caused Plaintiffs to be falsely imprisoned, arraigned on August 28, 2017, in which was the first time Plaintiffs knew of and saw a copy of the February 7, 2017 felony complaint (plaintiffs were never served with nor were aware of the felony complaint, prior to arraignment); and illegally bought before the Riverside Superior Court criminal division from September 2017 to December 2018 as the Officers arrested Plaintiffs without an arrest warrant at the time of arrest and

without the court having jurisdiction over Plaintiffs.  This is a violation of Plaintiffs civil rights and constitutionally protected rights, as the 4th Amendment protects Plaintiffs against false arrest.

185.   The filing of the February 7, 2017 felony complaint by the D.A. caused Plaintiffs to be kidnapped, arrested, detained and imprisoned on August 24, 2017 without Defendants Officers Wright, Carmona, Pap and Macias of the "RPD" having an arrest warrant at the time of arrest, when Officers Carmona, Pap, Wright and Macias came out after 7pm (after hours) on August 24, 2017 and stated they had a warrant for Bruce Mack and Jamie Mack arrest.

**Defendant Maureen DuMouchel's Involvement:**

186.   Defendant DuMouchel did not follow court procedure and violated due process, as Plaintiffs were never served with the February 7, 2017 felony complaint and knew nothing of it prior to the arrest on August 24, 2017, and there was no arrest warrant at the time of arrest.

187.   The First Amended Information Complaint filed on April 5, 2018 by the D.A. that DuMouchel presented to the state court for adding additional charges against Plaintiffs is inadmissible according to California arrest law since the false arrest caused Plaintiffs to be illegally bought before the state court.

188.   According to California Law, any documents (i.e., evidence) received after a false arrest is inadmissible in a court of law.

189.   DuMouchel was aware or should have been aware that Plaintiffs never knew of, or were ever served with the felony complaint prior to arrest/arraignment.  There was no arrest warrant at the time of arrest, no credible witness, nothing substantiated, no prior criminal history of Plaintiffs, who have cooperated by appearing at every court-ordered date and ~~monthly~~ weekly bail check-in and monthly bail payment despite the fraud, harassment, bias, and constitutional violations perpetrated against Plaintiffs without jurisdiction.  The criminal charges against Plaintiffs should have been thrown out or dropped by DuMouchel.

190.  Instead of DuMouchel dropping the charges, she caused further injury to Plaintiffs in Department 52.  DuMouchel, all named Defendant judges in concert with DuMouchel and the first, court appointed Attorney Lori Myers conducted a fake hearing to determine if Plaintiff Jamie Yvonne Mack had a right to get a copy of the arrest warrant, which the judge denied, when all knew there was no arrest warrant filed with the court to give Plaintiffs a copy of.

191.  DuMouchel failed to drop the charges, which caused further injury to Plaintiffs by harassment of numerous continuances to have the state court order Plaintiffs to appear without jurisdiction to do so, which caused the following named Defendant "judges" below to further violate Plaintiffs' civil rights, constitutional rights, and rights to due process of law.

192.  DuMouchel's actions of having Plaintiffs appear in court and the actions of Defendant(s), Judge Helios J. Hernandez in department 63 at the Riverside Superior Court Criminal Division on September 7, 2017; Judge Mac R. Fisher actions on October 27, 2017 in department 52 and Judge Diaz on January 23, 2018 in department 63; was an abuse of authority and misuse of court resources in continuing Case No. RIF1700487 and ordering Plaintiffs to appear without jurisdiction and no arrest warrant filed with the court to have bought Plaintiffs before the court.

### David Gunn's Involvement (Gunn):

193.  Defendant, David A. Gunn was the judge Plaintiffs appeared before on August 28, 2018 at the Felony Incustody Arraignment.  Gunn denied Plaintiffs release on own recognizance for a first-time felony with no reduction in bail and moved forward with having the Plaintiffs taken into custody. Plaintiffs' civil rights were violated, as there was no jurisdiction to do so, Plaintiffs' arrests were false as there was no arrest warrant entered in the court giving the court jurisdiction.

194.  The actions of Defendant David A. Gunn in Department 61 at the Riverside Superior Court Criminal Division on October 26, 2017 was an abuse of authority and misuse of court resources in continuing the hearings for Case No. RIF1700487 to March 1, 2018; March 15, 2018; April 12, 2018, June 28, 2018, July 16 & 30, 2018, August 30, 2018, October 4, 2018, November 8, 2018 and a pending date of January 31, 2019 without jurisdiction and with no arrest warrant filed with the state court to have bought Plaintiffs before the court.

195.  The actions of Judge Gunn in ordering Plaintiffs to appear without jurisdiction to do so was prejudicial and biased against Plaintiffs and in violation of Code of Judicial Ethics.   Judge Gunn, Prosecuting District Attorney Maureen DuMouchel all participated in said ethics violations, and failed to advocate for Plaintiffs, which violated Plaintiffs' due process rights, civil rights and constitutionally protected rights.

### Jean Pfeiffer Leonard's Involvement (Leonard):  Retired Judge.

196.  The actions of Defendant Leonard was an abuse of authority and prejudicial and biased on October 12, 2017 in Department 63 of the Riverside Superior Court, Criminal Division due to the fact that Leonard granted the oral motion for Plaintiff Bruce Mack to proceed in pro per, but Judge Leonard stated anybody who represents themselves in pro per is a fool.

197.  Plaintiff tried to communicate with public defender Attorney Cabrera but she failed to respond and made it clear that she wanted off the case, so Plaintiff had no choice but to represent himself in pro per. Judge Leonard stated she refused to believe Attorney Cabrera failed to communicate with Plaintiff and every time Bruce attempted to speak, Judge Leonard interrupted him and attempted to prove her point by stating, this is why you shouldn't be in pro per.

198.  Leonard lacked jurisdiction to have Plaintiffs appear before her due to a wrongful and false arrest of Plaintiffs that illegally bought them before the court. The statement(s) made by Leonard was prejudicial and biased toward Plaintiff Bruce Mack, violated the Code of Judicial Ethics and Canons, and violated Bruce Mack's 1st Amendment right to petition for redress of grievances, violated his civil rights, and constitutionally protected rights.

199.  Plaintiffs later found out from the Commission on Judicial Performance and the Assigned Judges Council that Leonard was a retired judge and to check with the state court to see if she was authorized to sit on the case. Plaintiffs confirmed with the Riverside state court criminal division that Leonard was not assigned on the judges calendar **or** authorized to sit on the case on October 12, 2017. Leonard had a fiduciary duty not to deceive or cause injury to Plaintiffs but willfully and knowingly failed to inform Plaintiffs that they were before a retired judge. Leonard abused her authority, and violated Plaintiffs rights to due process of law, and violated their constitutionally protected rights and civil rights.

**Jerome E. Brock's Involvement**: Retired Judge.

200.  The actions of Defendant Judge Brock in Department 61 at the Riverside Superior Court Criminal Division on June 28, 2018 was an abuse of authority and misuse of court resources in continuing the Trial Readiness Conference for Case No. RIF1700487 from June 28, 2018, until July 16, 2018 and still ordering Plaintiffs to appear for trial on July 30, 2018 back in Department 61. Brock ordered Plaintiffs to appear before the court with no arrest warrant filed with the court to have bought

Plaintiffs before the court and without jurisdiction, and was prejudicial and biased against Plaintiffs in violation of Code of Judicial Conduct and due process of law.

201.  Plaintiffs later found out from the Commission on Judicial Performance and the Assigned Judges Council that Brock was a retired judge and to check with the state court to see if he was authorized to sit on the case.  Plaintiffs confirmed with the Riverside state court criminal division that Brock was not assigned on the judges calendar **or** authorized to sit on the case on June 28, 2018.

202.  Brock had a fiduciary not to deceive or cause injury to Plaintiffs but willfully and knowingly failed to inform Plaintiffs that they were before a retired judge.  Brock abused his authority, and violated Plaintiffs rights to due process of law, and violated their constitutionally protected rights and civil rights.

203.  Plaintiffs filed a complaint with the Commission on Judicial Performance against each of the above Judges on July 2, 2018 for misconduct.

### Riverside Sheriff Department's Involvement:

204.  On March 23, 2012 Plaintiffs sent Stanley Sniff, Sheriff – Coroner an Affidavit To Cease And Desist via certified mail no. 7010 0290 0002 1530 1203 regarding both properties to prevent any further injury to Plaintiffs.  The Affidavit also reminded the Sheriff that Plaintiffs completed their administrative process against Citibank.

205.  Stanley Sniff of the Riverside Sheriff's Department was sent numerous certified letters from Plaintiffs from 2009 to 2017 regarding the mortgage fraud, civil rights violation and fraud against Plaintiffs but, the Riverside Sheriff's Department made Plaintiffs feel like crap for coming to their office to report a crime as victims of mortgage fraud and have sat idly by while Plaintiffs lost their homes and are now being charged with crime Plaintiffs originally went to the Riverside Sheriff's Department and the D.A. to get help but ended up getting arrested and incarcerated.

206.  The Riverside Sheriff's Department is in part responsible for Plaintiffs' loss and continuing injury in being falsely charged for a crime, as there was no crime committed by Plaintiffs but the Sheriff's, the D.A. or Becerra's office failed to investigate the matter.  This is failure to provide honest service and all named defendants have conspired against Plaintiffs in this conspiracy and racket regarding the state court manufactured felony crime.

207.   Plaintiffs discovered major fraud, perjury by numerous defendants from the February 7, 2017 felony complaint, first Amended Information filed April 15 2018 and investigative reports/narrative as set forth below.

208.   Defendants: the D.A., Johnson, Hestrin, DuMouchel, Nava, Parker used Plaintiffs Corona and Riverside properties in said fraud in the charges that Plaintiffs violated C.P.C. § 115 and that Plaintiffs were foreclosed on, without looking at Plaintiffs evidence in the state case showing the foreclosure was void by law.

209.   Based on the fact that there was actual fraud discovered in 2017 by original lender, Directors Mortgage regarding the 1404 Via Del Rio, Corona real property and Wholesale Capital Corporation regarding the 17201 Bluff Vista Court, Riverside property didn't have legal beneficial ownership of the loan and due to the verification broken chain of title by various government agencies, including the Federal Trade Commission, therefore, any assignments or transfers to the foreclosing entities, Defendants, H & R Block Bank and Citibank are not voidable but simply void according to California law.

210.   According to the Uniform Commercial Code (UCC) under UCC §3-305 – Defenses:  "If illegality or fraud were involved in the original transaction, it *cannot be proved* that the person is entitled to enforce the instrument."  Also, the attached evidence is proof that neither bank had authority or standing to foreclose and take Plaintiffs property for personal gain. The D.A., Hestrin, Nava and Parker would have obtained the same exhibit evidence, if not more had the Officials provided honest service to Plaintiffs and investigate the foreclosure since the felony charges against Plaintiffs were based on that.

211.   Based on the fraud, wrongful taking and trespass of both properties, Plaintiffs were wrongfully charged by the D.A. and the foreclosing documents filed on behalf of HRBB and Citibank are fraudulent because neither bank foreclosed.  Due to said fraud, misconduct and acts of bad faith the D.A. and all named defendants involved with the criminal cased failed investigate or investigate the foreclosure prior to filing the felony charges.  This means, the following recorded documents are in violation of C.P.C. § 115:

212.   On February 7, 2017, Felony Complaint filed with the Riverside Superior Court Criminal Division, Case No. RIF1700487. This is a false document in violation of C.P.C. § 115 because the D.A.

acted in bad, faith, committed fraud and concealed exculpatory evidence from the court, conspired with others involved in the state case and caused Senior Investigator Kelly Nava and Real Estate Fraud Examiner Cheryl Parker of the D.A. to submit perjured information in an initial narrative, investigative/forensic reports, and all ignored jurisdiction.

213.  On February 9, 2017, the two Declarations filed in the criminal case by Senior Investigator Kelly Nava with the D.A. This is a false document in violation of C.P.C. § 115 because the D.A. acted in bad faith, committed fraud and ignored jurisdiction.

214.  On April 15, 2018, the First Amended Information filed in the criminal case on behalf of Hestrin with the D.A.  This is a false document in violation of C.P.C. § 115 because the D.A. acted in bad faith, committed fraud, and acted outside jurisdiction.

### Xavier Becerra's Involvement:

215.  Plaintiffs mailed a civil rights complaint to the California State Attorney General Xavier Becerra on March 23, 2018 because Becerra is the chief law enforcement officer responsible for enforcing civil rights laws and ensuring the people's rights as the Peoples Lawyer for citizens.

Defendants Attorney General, Xavier Becerra and Riverside County District Attorney, Mike Hestrin were "each" notified of Plaintiffs' civil rights complaint and false arrest, imprisonment to review the claims to ensure fair/impartial justice and the protection of Plaintiffs' rights afforded to them, but nothing has been done to assist Plaintiffs.  Plaintiffs have been denied their intangible right to honest services from government employees and agencies, as Plaintiffs rely on our court justice system and local agencies who are there to act as our personal representatives/fiduciaries of the people/consumers to enforce all rights afforded to us, apply the law and ensure fair/impartial justice; as we are victims of civil rights violations, mortgage fraud and other federal violations/ consumer crimes.

216.  Plaintiffs mailed a civil rights complaint to Becerra for the state court case to investigate/investigate regarding fraud and civil rights violations.  Becerra as a public official has a fiduciary duty to assist Plaintiffs regarding their claims in the state criminal matter to ensure fair, un-bias and impartial justice, based on Plaintiffs' complaint of violation of civil rights laws by the D.A. but Becerra has not given Plaintiffs written assurance that anything will be done.

217. Plaintiffs are confident that Becerra is aware that, in 2012, Senator (former Attorney General) Kamala Harris announced the $28 Billion Dollar Settlement from 5 major banks for wrongfully foreclosing on California Homeowners because of the banks' wrongful foreclosure practices in using false, fraudulent and missing documents to take California Homeowners homes from January 1, 2008 through December 31, 2011. This is what happened to Plaintiffs due to the fact Plaintiffs' Corona and Riverside homes were illegally foreclosed on between those timeframes.

218. Citibank was one of the banks that was part of the $28 Billion Dollar settlement for wrongfully foreclosing on California Homeowners. Both Plaintiffs' Corona and Riverside real properties were foreclosed on during that timeframe.

**Defendant The State Court's Involvement:**

219. After numerous continuances by the state court, the D.A. filed a First Amended Information on April 15, 2018 that brought four more charges against Plaintiff Jamie Yvonne Mack Count 2 – Count 5 and one more charge against Plaintiff Bruce Mack Count 4, without jurisdiction or any probable cause or substantiated evidence. This violated Plaintiffs' civil and due process rights.

**The State of California's Involvement:**

220. The D.A. and all defendants acted in concert with the D.A. failed to investigate Plaintiffs' foreclosures prior to having the felony charges filed against Plaintiffs. Defendants' failure to investigate Plaintiffs' reports and complaints caused injury to Plaintiffs, and caused the below named defendants/trespassers to take illegal possession of Plaintiffs' Corona and Riverside properties:

**Abbas Seyed Faradjollah's and Sohila Adibi Faradjollah's (Faradjollah)Involvement:**

221. Defendants Abbas Seyed Faradjollah and Sohila Adibi Faradjollah (Faradjollahs and Trespassers) appear to be the occupants and trespassers by law who are in illegal possession and allegedly purchased Plaintiffs 1404 Via Del Rio Corona property that defendant H & R Block Bank caused to be sold on December 11, 2009 to the Faradjollahs by recorded grant deed, Document No. 2009-0637857 based on fraud.

222. Trespassers the Faradjollahs may be in concert regarding said Fraud with the D.A. and may have Unclean Hands. Trespassers and/or unknown occupants who remain in possession of the premises

1    were sent an Affidavit via United States Mail, Certified Mail No. 7016 2345 0000 1516 7889 on November

2    21, 2016, notifying them of said fraud and the filing of this complaint for damages

3         223.    The Faradjollahs are deemed Trespassers, see Black's Law Dictionary 5th Edition,

4    definition of Trespasser: A person who enters on the property of another without any right, lawful

5    authority, even if your trespass may have been innocent.

6         224.    Trespassers the Faradjollahs may be liable for injury and damages to Plaintiffs, due to still

7    being in possession of the 1404 Via Del Rio, Corona property.

8              **Frederick Richard and Jeanetta Richard's (the Richards) Involvement**:

9         225.    Defendants Frederick and Jeanetta Richard (Richards) appear to be the occupants and

10   trespassers by law who purchased Plaintiffs 17201 Bluff Vista Court property on December 11, 2009

11   that defendant Citibank caused to be sold on July 24, 2012 to Scott Jones by recorded grant deed,

12   Document No. 2012-0346115 that caused multiple grant deeds (fake deeds) to be recorded against

13   Plaintiffs' property ending with the Richards on December 11, 2009 who appear to be in illegal

14   possession based on fraud.

15        226.    Walter Segura and Tourmaline Segura, who sold the property to the Richards ,were sent an

16   Affidavit via United States Mail, Certified Mail No. 7016 0750 0000 6104 2986 on November 17, 2016,

17   notifying them of said fraud and that Plaintiffs would be filing this complaint for damages.

18        227.    The Richards are deemed Trespassers by Black's Law Dictionary 5th Edition, definition of

19   Trespasser is: A person who enters on the property of another without any right, lawful authority, even if

20   your trespass may have been innocent.

21        228.    Trespassers the Richards may be in concert with said Fraud and may have Unclean Hands

22   and may be liable for injury and damages to Plaintiffs, due to still being in possession of the 17201 Bluff

23   Vista Court, Riverside property.

24        229.    The grant deed(s) recorded on both above named Defendants/Trespassers the Faradjollahs

25   and Richards are "fake deeds" by law and are in violation of C.P.C. § 115 because evidence was given to

26   the D.A. that both banks agreed by consent that neither bank had any right to seek possession to have

27   foreclosed.  The state court, the sheriff and the County Recorder were notified, but all sat idly by and did

28   nothing.

230. Trespassers the Faradjollahs and Richards appear to be Liable For Illegal Entry Without Lawful Right. If trespasser(s) the Faradjollahs and the Richards cannot provide verified evidence that they had "clean hands" in said purchase and if trespassers cannot provide direct evidence of a valid receipt for said purchase (via sales receipt) that a lawful purchase was conducted and that the purchase was an arms-length transaction, Trespasser(s) can be held personally liable for injury to Plaintiffs according to the law. Plaintiffs are requesting an accounting for the Faradjollahs and the Richards to produce all escrow papers, loan documents, bank statements and Claim numbers with the bankruptcy court that they acquired Plaintiffs' real properties with clean titles and hands.

231. Trespassers the Faradjollahs and Richards were noticed of the mortgage fraud and illegal sale of Plaintiffs' properties by written correspondence from Plaintiffs, but both stood silent in responding. Therefore, if Trespassers (who are in illegal possession of the property) have unclean hands, found to have conspired with any of the defendants against Plaintiffs and caused injury to Plaintiffs by the illegal purchase of said properties, then the Trespassers are in criminal possession, and are continuing occupancy of said properties, knowing such to be true and may be individually liable for injury sustained to Plaintiffs by their actions of acquiring a bad title, fraudulent grant deed recordings and deceptive maneuvers by any and all said defendants/trespassers who are intruders that collectively conspired in depriving the rightful record owners, the Plaintiffs, of peaceful possession of their real properties.

232. This verified complaint is Notice that Trespassers the Faradjollahs and Richards are in criminal possession of Plaintiffs' real properties by way of false/recorded instruments grant deed, deed of trust, in violation of Title 18 U.S.C. §§ 1001 and 2311 and other federal violations and theft, which is punishable by law.

233. The D.A.'s criminal charges are unsubstantiated and circumstantial, as there has been no crime committed by Plaintiffs. Exculpatory evidence was concealed in the criminal case of the two prior complaints of real estate mortgage fraud, civil rights violation and violation of C.P.C. § 115 filed by Plaintiffs in 2010 that the D.A. failed to investigate prior to filing the state criminal charges against Plaintiffs, which was a civil, NOT criminal matter.

234.   The criminal charge bought against Plaintiffs by Defendant the D.A.'s office in the state court case are based on fraud, as the foreclosure was not investigated prior to Defendant(s) the D.A. filing criminal charges against Plaintiffs for Document: Correction Grant Deed; or the County Recorder notifying the Faradjollahs who appear to be in illegal possession of the Corona property and are considered Trespassers by Law.

235.   Employer the State of California is responsible for its employees, the Riverside District Attorney Office and all those employed with said office.  If the State on behalf of D.A. would have had the D.A. and all those involved with the state felony case investigate Plaintiffs' two complaints in 2010, the D.A. would have discovered that on September 23, 2009 the Eviction Restoration Notice regarding the Corona property, the Eviction Restoration Notice regarding the Riverside property filed in the Riverside Superior Court and grant deeds recorded with the Riverside County Recorder by Defendants, H & R Block Bank, Citibank, the Richards and the Faradjollahs are all fake deeds based on fraud.  Said injury to Plaintiffs for defendants' failure to investigate is continuing and on-going, as trespassers the Faradjollahs and Richards appear to still be in illegal possession of Plaintiffs Corona and Riverside property.

236.   The charges brought against Plaintiffs in the state criminal case were based on the fraud that Defendants knew about.  Plaintiffs reached to the D.A. office twice in 2010 and again in 2017 about the foreclosure and District Attorney Craig Johnson refused to investigate the matter.

237.   The Superior Court, the County Recorder and the Sheriff's Department were aware and received a copy of Plaintiffs' Affidavits and Complaints against both banks for both properties.  Other evidence that the D.A., Nava, Parker and all those involved with the state court case would have discovered if said defendants would have talked with Plaintiffs were:

238.   Form 1099-A Acquisition or Abandonment of Secured Property dated 01-13-2011 was filed with the IRS by American Home Mortgage Servicing Inc. for the Bluff Vista property.  This was not Citibank.

239.   On March 29, 2011 Plaintiffs served Honorable Judge Sherri Carter at the California Superior Court Executive Offices a Notice of Fraudulent Eviction Proceeding regarding the Riverside property.  The state court sat idly by while Plaintiffs lost their home.

240.  On March 23, 2012 Plaintiffs sent Stanley Sniff, Sheriff – Coroner an Affidavit To Cease And Desist via certified mail no. 7010 0290 0002 1530 1203 regarding both properties to prevent any further injury to Plaintiffs.  The Affidavit also reminded the Sheriff that Plaintiffs completed their administrative process against Citibank.  The Sheriff Department sat idly by while Plaintiffs lost their home.

241.  On September 23, 2009 an Eviction Restoration Notice regarding the Corona property was signed by Sheriff's Authorized agent M. Lucero, Badge # 3443, in state court case no. RIU013435, Levying Officer File No. 2009071343.  Defendant, H&R Block Bank wasn't licensed to do business in California at the time of foreclosure, violated Plaintiffs civil rights (mainly the 4th Amendment) and caused Plaintiffs loss and injury for personal gain, based on that notice.

242.  On May 25, 2012 an Eviction Restoration Notice regarding the Riverside property was signed by Sheriffs Authorized agent for state court case no. MVC10003065 and Levying Officer File No. 2012103127.  That is a false document filed in public court record based on fraud that Defendant, Citibank didn't foreclose, violated Plaintiffs civil rights (mainly the 4th Amendment) and caused Plaintiffs loss and injury for personal gain, based on that notice.

243.  The State of California, in concert with the D.A. had excessive bail set against Plaintiffs, who were incarcerated in violation of ARTICLE 1 Sec 32 of California Constitution, which states that no right, privilege, immunity or service available to residents of California shall be denied or restricted by any agent or employee of the state of California.  Defendants caused Plaintiffs cruel and unusual punishment by charging them criminally on a civil matter.

### HISTORY OF STATE CASE NO. RIF1700487

244.  On February 7, 2017 a criminal felony complaint was filed by SWTLE with the Riverside Superior Court, Case No. RIF1700487 that caused Plaintiffs to be kidnapped from their home and falsely arrested on August 24, 2017.

245.  On February 7, 2017, Defendant: The Riverside District Attorney Office (D.A.) on behalf of THE PEOPLE OF THE STATE OF CALIFORNIA, COUNTY OF RIVERSIDE vs. JAMIE YVONNE MACK and BRUCE MACK filed a felony charge against Plaintiffs alleging violation of C.P.C. § 115 ( COUNT 1).

1  YVONNE MACK and BRUCE MACK filed a felony charge against Plaintiffs alleging violation of

2  C.P.C. § 115 ( COUNT 1).

3       246.  The Defendant D.A. felony complaint Case No. RIF1700487 stated on or about October 10,

4  2014, with the Riverside Superior Court, Criminal Division (the Court) in the County of Riverside, State

5  of California, that "defendants, JAMIE YVONNE MACK and BRUCE MACK did willfully,

6  unlawfully, and knowingly procure and offer a false and forged instrument, to wit:  DOCUMENT NO.

7  2014-0387757 (CORRECTION OF GRANT DEED), which instrument, if genuine, might be filed,

8  registered, and recorded, under any law of this state and the United States."

9       247.  On February 9, 2017 a DECLARATION IN SUPPORT OF ARREST WARRANT naming

10  Jamie Yvonne Mack and Bruce Mack was filed with the state court, signed by Senior Investigator Kelly

11  Nava (Defendant, Nava).  The Declaration(s) had a bail amount listed 2/8/17 of $165,000.00 for each of

12  defendants (Plaintiffs in Case No. RIF1700487), was signed by Mac R. Fisher and further stated "declarant

13  prays that an arrest warrant issue for the arrest (during the day or night) of: Bruce Mack on one, and Jamie

14  Yvonne Mack on the other declaration.  According to the April 30, 2018 letter from Internal Affairs of the

15  Riverside Police Department, there was no valid arrest warrant at the time of arrest.

16       248.  The filing of the felony complaint by the District Attorney's Office caused Plaintiffs to be

17  arrested on August 24, 2017 by four Riverside Police Officers. Defendants: Wright, Carmona, Macias

18  and Pap of the Riverside Police Department who said they had an arrest warrant.  Plaintiffs demanded to

19  see a copy of the arrest warrant and defendant officers failed to provide one.

20       249.  Plaintiffs demanded numerous times from the Police Department, District Attorney Office,

21  the Public Defender's Office, Jamie Yvonne Mack's Private Attorney and the judge for a copy of the

22  arrest warrant, and Defendants all failed to provide a copy.

23       250.  The District Attorney Office set excessive bail of $165,000.00 each for Plaintiff for a first-

24  time, non-violent criminal offense.  This is cruel and unusual punishment in the extreme.

25       251.  Plaintiffs were arraigned August 28, 2017 and were denied release on O.R. or a reduction in

26  bail for a first-time, non-violent offense.

27       252.  Plaintiff Bruce Mack spent 8 days in jail in the Robert Presley Detention Center, 4000

28  Orange Street, Riverside 92501, and was bailed out on August 31, 2017.  Plaintiff Jamie Yvonne Mack

253.  Once released, Plaintiffs discovered from a friend of ours who Plaintiff Jamie Yvonne Mack had her friend to contact District Attorney Craig Johnson who Plaintiffs reached out to in the past to inform him that they were arrested and District Attorney Craig Johnson informed Plaintiffs' friend that he was part of the investigation on the case.

254.  Exculpatory evidence of Plaintiffs' two prior complaints in 2010 were received by Johnson prior to any of the Reports, Initial Narratives made by Defendant Nava or Forensic Document Examiner's Report made by Defendant Parker employed with Defendant D.A. and another in 2017, with evidence attached that neither bank (H & R Block Bank and Citibank N.A.) foreclosed.

255.  Defendants concealed Plaintiffs' exculpatory evidence in the state case.  Plaintiffs reached out to Defendant District Attorney Craig Johnson three times to investigate the foreclosure and violation of C.P.C. § 115, which he never investigated, and that exonerating evidence was withheld from the state case # RIF1700487.

256.  Plaintiff Bruce Mack attached the same exculpatory evidence with additional evidence in 2017-2018 to the D.A. and the state court.  Plaintiffs' following documents were stamped RECEIVED and filed into the state case #RIF1700487:

(1) On October 13, 2017 170.6 a Preemptory Challenge and Declaration In Support of Preemptory Challenge was filed– To remove the District Attorney Office and State Court from moving forward due to no jurisdiction.

(2) On October 13, 2017 Notice of Motion For State Attorney General To Appear was filed – to investigate the matter to possibly disqualify the parties (District Attorney Office and all those a party to) from prosecuting the case due to no jurisdiction, double jeopardy, federal civil rights violation for violating a federal bankruptcy discharge order.

(3) On October 13, 2017 a Motion To Request All Documents Leading Up To Arrest was file stamped – To see if there was an actual arrest warrant as stated by Riverside Police Officers, if not, Plaintiff Bruce Mack stated that the case needs to be dismissed due to no jurisdiction.  **NOTE**: This is the "only" document that was stamped "Received" by defendant, the court but not filed into the case.

(4) On October 13, 2017 Motion To Dismiss The Felony Complaint For No Jurisdiction was filed – The February 7, 2017 Felony Complaint and the April 15, 2018 First Amended Information filed into the court is abuse of process, failure to ensure rights, a misuse of court resources, in violation of a federal bankruptcy discharge order, the Mack civil rights, namely the Fourth and Fourteenth Amendment. There can be no second trial based on ownership stating Plaintiffs

injured the owner, that's double jeopardy in violation of California Penal Code (Ca P. C.) §687 and §793 of the code.

(5) On October 16, 2017 an Opposition And Objection To Plaintiff Felony Complaint was filed – due to lack of jurisdiction pursuant to 28 U.S.C. §1331, 1441, 2409, 2410, 1746, 42 U.S.C. 1983, double jeopardy, jurisdictional challenge for disqualification of all parties who filed (in concert) the criminal lawsuit and for dismissal of the case based on no jurisdiction.

(6) On October 16, 2017 a Request For Judicial Notice. Jurisdictional Challenge In Support of Opposition and Objection To Felony Complaint was filed – due to failure to provide verified evidence of jurisdiction and how the criminal complaint filed is double jeopardy and in violation of our civil rights.

(7) On October 25, 2017 Affidavit of Bruce Mack was filed – Plaintiffs Affidavit is a jurisdictional challenge and statement of facts as to receiving no evidence of a signed arrest warrant by any of the requested agencies.

(8) On November 3, 2017 a 2nd Written Request for Copy of Arrest Warrant was filed with the D. A. – This is a second written request for the district attorney office to provide a copy of an arrest warrant that Plaintiffs have not received as of the date of this complaint due to the fact there is none as evident by the Email dated November 13, 2017 from Defendant DuMouchel that states, the declaration is essentially the arrest warrant.

(9) On November 9, 2017 a Request For Judicial Notice of Exhibit A – Case Print Report was filed – To provide proof of Case No. RIF1700487 has been moving forward without jurisdiction.

257.  In November 2017, Plaintiffs hired Attorney Michael P. Newman to represent them in state case # RIF1700487.

258.  After more on-going continuances, Plaintiffs informed their state court attorney Michael P. Newman that we (Plaintiffs) reached out to the California State Attorney General, the Grand Jury, the Five Boards of Supervisors to have them investigate the case because, Plaintiffs' civil rights are continuing to be violated.

259.  Plaintiffs asked attorney Newman to put in writing what our strategy was.  Our attorney responded in a letter stating that he would be filing a motion to remove himself as our counsel.

260.  On July 16, 2018 Defendant Judge David A. Gunn granted the attorney request to be removed as our counsel, and that Newman's Declaration in support of his motion be granted.  Gunn stated, based on the Declaration, that good cause does exist that there is a conflict and granted Newman's motion.  Plaintiffs never received a copy of the Declaration, and were prohibited from obtaining it by the state court.

261. On July 16, 2018 after the hearing, Plaintiffs attempted to get a copy of the motion and declaration. After speaking with several Supervisors and informing them that we have a right to have a copy of what is filed in the case and we received a copy of the motion but were informed once again, that there was no Declaration filed. Plaintiffs discovered several days later that there was a hearing that had taken place on July 10, 2018 granting a motion to file documents under seal.

262. Plaintiffs were never notified of the hearing. Plaintiffs' rights and civil liberties were continuing to be violated by the harassment of court ordered appearances of Plaintiffs with the state court ignoring jurisdiction.

263. On July 30, 2018, Plaintiffs attempted to file a motion to request a copy of the sealed records. The clerk informed us that she called up to department 61 and she stated judge Gunn said Plaintiffs cannot file any documents into the case.

264. On July 30 2018, Plaintiffs completed the form to proceed in pro per and Defendant Judge David A. Gunn denied the request and Judge Gunn denied us our right to get a copy of the sealed records to know what said.

265. On August 30, 2018 Plaintiffs appeared before Defendant Gunn who continued the pretrial conference to assign Plaintiffs counsel.

266. On November 8, 2018 Plaintiffs appeared before Defendant Gunn and Plaintiffs were assigned attorneys by the state court and were ordered back to appear in court on December 13, 2018, without the court having jurisdiction to do so.

267. On December 13, 2018 Plaintiffs appeared before Defendant Gunn who continued the pretrial conference. Plaintiffs were ordered by Defendant Gunn to appear back in state court on January 31, 2019 and on March 11, 2019 for jury trial.

268. All state court Defendants involved with case no. RIF1700487 could have stopped their misconduct and violation of Plaintiffs' civil rights and constitutionally protected rights, but chose not to. All court defendants and defendants in concert knew or should have known that (1) there was no arrest warrant giving the court jurisdiction over Plaintiffs; (2) court defendants have no jurisdiction to proceed as Plaintiffs were falsely arrested but ignored jurisdiction, (3) violated federal bankruptcy law under 11 U.S.C., (4) filed a false *criminal* complaint against Plaintiffs over what was factually a *civil* matter, and

causing further injuries to Plaintiffs as we are ordered to appear back in state court on ~~December 22~~ January 31, 2019, knowing the court has no jurisdiction to be proceeding in state court case no. RIF1700487.

269. All named Defendants involved in the state court case have ignored jurisdiction and are continuing to violate Plaintiffs' civil and constitutional rights by harassing Plaintiffs by ordering Plaintiffs to appear in court knowing there was no valid arrest warrant filed in the state court record to have jurisdiction over Plaintiffs. This is fraud, and all defendants involved with case #RIF1700487 are involved in the fraud and scheme and racket, as all defendants involved in the state case are knowingly, willfully committing fraud and are part of the racket.

270. Plaintiffs are seeking remedy as the actions (or non-action) of the D.A. in not investigating Plaintiffs' prior mortgage fraud complaints in 2010 that caused fake deeds to be recorded against Plaintiffs' real properties/parcels/land publicly located at 1404 Via Del Rio, Corona, California 92882 and 17201 Bluff Vista Court, Riverside, California 92503 to defendant Trespassers, the Faradjollahs and Richards, as Plaintiffs are victims of real estate mortgage fraud – criminal fraud related to our real property deeds in which other deeds, grant deed for Corona by the Fradjollahs and grant deed for Riverside by the Richards were fraudulently recorded or were induced by others unknown to us, done without our knowledge or consent that is still clouding our title as of the date of this federal complaint. Defendants all had freewill to stop the fraudulent acts. Defendants chose not to.

271. Plaintiffs are informed and believe that all defendants including trespassers, conspired against them in the unlawful theft and illegal possession of said properties and were in violation of Title 18 U.S.C. § 1985(3) Depriving person of rights or privileges which states: "If two or more persons in any State or Territory conspire, or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or to injure any citizen in person or property on account of such support Title 42 U.S.C.; (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent; (3) To redress the deprivation, under color of any

State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.  Such relief is what Plaintiffs are seeking.

272.   The defendants are responsible for the civil rights violations stated in this complaint and for any harm suffered by Plaintiffs as a result. "The passage of time cannot make valid that which has always been void" Review 981 So. 2d at 651(Fla. 4th DCA 2008) and also *M.L. Builders*, supra.

**FIRST CAUSE OF ACTION – CIVIL RIGHTS VIOLATIONS**
**(Against All Defendants)**
**Title 18 U.S.C. Sections 241, 242, 1961-1982, 1001 and 1341 as defined by 1346; Title 42 U.S.C. Civil Rights, Sections 1981, 1983, 1985(3)(5), 1986 and 1988, which entitles civil remedies by law and deprivation of rights under color of law, statute, regulation, custom and usage of action proper under 28 U.S.C. §§ 1331.  Title 28 U.S.C.A. Sections 1341, 1343(a) (1, 2, 3, and 4), 1334. Violation of Civil Rights and 4th Amendment Right Violation, Article 1, §13, California Constitution. The Right To be Secure From Unreasonable Seizures; 42 U.S.C. §§ 1981, 1983, 1985 (c)(5), 1986, 1988; False Imprisonment, Kidnapping, No Jurisdiction, Violation of Plaintiffs Constitutionally protected rights secured by the Constitution of the United States America and 1 Sec 32 of California Constitution that states no right, privilege, immunity or service available to residents of California shall be denied or restricted by any agent or employee of the state of California. There is no immunity for any defendant committing the federal violations against Plaintiffs as stated herein and within the causes of action in this federal complaint listed below**

273.   Plaintiffs incorporate here each and every paragraph as set forth above.

274.   Plaintiffs are informed and believe that each and every Defendant has full knowledge of the wrongdoing, fraud, racketeering, aiding and abetting, wire fraud, mail fraud, false claims, false charges – all in violation of the bankruptcy stay and discharge.  Defendants and DOES 1 through 100 conspired to devise a scheme to harass, victimize and violate Plaintiffs' 4th Amendment Right under 42 U.S.C. §§ 1983; and 1985 and Article 1, § 13 of the California Constitution by the filing of a February 7, 2017 felony complaint that caused an unreasonable seizure and arrest of Plaintiffs on August 24, 2017.

275.   Plaintiffs federal violations stated herein Against all defendants who appear to have conspired against Plaintiffs are believed to have happened to defraud, harass and victimize Plaintiffs and are continuing as of the date of this federal complaint.

276. All named defendants appear to have been in concert with the Riverside District Attorney Office (D.A.) that caused said federal violations stated above.

277. Plaintiffs received a letter dated April 1, 2018 from Internal Affairs of the Riverside Police Department that stated the Officers exceeded police officer powers (Policy 330.3.5(t)) and that there will be a full investigation into the matter. In other words, there was no arrest warrant, the officers acted without authority to arrest us and have us bought before the state court without jurisdiction to do so.

278. Under California law, violating our life, liberty, freedom, and happiness is a civil rights violation. According to Article 1, Section 13(d) of the California Constitution the four Riverside Police Officers in concert with the D.A., Johnson, DuMouchel, Nava and Parker appear to have conspired together to manufacture the C.P.C. § 115 charges against Plaintiffs and all appear to be in concert/involved in this conspiracy and racket knowing or should have known that there was no arrest warrant for Plaintiffs at the time of arrest, to have been bought before the court which gives the state court no jurisdiction to be prosecuting state case no. RIF1700487.

279. The above named defendants took no precautions to avoid damage and injuries sustained to us by their actions (loss of both the 1404 Via Del Rio Corona and 17201 Bluff Vista Court Riverside properties), and failure to disclose exculpatory evidence of Plaintiffs' two prior complaints in 2010 of civil rights violation, mortgage fraud and wrongful foreclosure that was received by the Riverside District Attorney Office and another email complaint submitted in June of 2018 with exculpatory evidence that H & R Block Bank for the Corona property and Citibank N. A. for the Riverside property did not foreclose, in which their office never responded and refused to investigate the complaints. Therefore, under this article of the California Constitution, since the named defendants failed to provide honest service and avoid damage and injury to Plaintiffs, each shall be liable for the unnecessary injury that has and is continuing to occur both civilly and criminally in their failure to exercise such precautions as to not to cause injury to one of the people (Plaintiffs).

280. Defendants, the D.A. and the State violated Article 1, Section 17 – Excessive fines may not be imposed. Plaintiffs' bail was set at $165,000.00 for a first-time, non-violent, criminal offense.

281.  ARTICLE 1 Sec 32 of California Constitution states no right, privilege, immunity or service available to residents of California shall be denied or restricted by any agent or employee of the state of California.

282.  Plaintiffs seek remedy under the law Title 42 U.S.C. § 1983, which allows people whose constitutional rights have been violated by a "person" acting under color of law that deprives one of the people of their constitutional rights.  Defendants are being sued based on said federal violations and civil rights violation and Plaintiffs seek to be awarded the damages assessed, in addition to compensatory, punitive damages and other equitable relief in an escalated but justifiable amount to deter all named Defendants from perpetrating this type of unethical and unprofessional behavior to another one of the people in the future.

283.  Per the federal and racketeering laws, Plaintiffs are lawfully entitled to three times that amount.  Plaintiffs are also entitled to just compensation for the takings of property and our rights, which also have value, as defined in Black's Law Dictionary 4th Edition definition of property.

284.  Plaintiffs have exhausted all of our administrative remedies with these defendants (excluding trespasser defendants) the Faradjollahs and the Richards. Therefore, Plaintiffs seek remedy and damages as outlined herein and per the California Constitution Article 1, § 28 (13)(A) Declaration of Rights.

285.  Plaintiffs are seeking $2 Million Dollars against each defendant for violation of Plaintiffs' constitutional rights per Section 1983 of the Federal Civil Rights Acts – 42 U.S.C. § 1983, the federal statute in which Plaintiffs bring this complaint for violation of our constitutionally protected rights.

286.  Plaintiffs civil rights and constitutional rights have been violated by Defendants the D.A. and all defendants involved in the state court case, and all named defendants in this complaint and Plaintiffs civil rights are continuing to be violated by named defendants arising under federal law; federal violations of Title 18 U.S.C. Sections 241, 242, 1961-1982, 1001 and 1341 as defined by 1346; Title 42 U.S.C. Civil Rights, Sections 1981, 1983, 1985(3)(5), 1986 and 1988, which entitles civil remedies by law and deprivation of rights under color of law, statute, regulation, custom and usage of action proper under 28 U.S.C. §§ 1331.

287. Plaintiffs were deprived of our civil liberties as our freedom was restricted, interfered with and taken away by the kidnapping and arrest of Plaintiffs on August 24, 2017 caused by the actions of the District Attorney Office in the filing of the felony complaint against Plaintiffs on February 7, 2017.

288. All Defendants actions of "bad faith" under color of law and lack of jurisdiction/ double jeopardy by named defendants, stated within this federal complaint, which is continuing and ongoing, is Estoppel in order to protect our civil and constitutionally secured rights by parties having UNCLEAN HANDS whose evidence of bad faith, filing a false claim, conspiracy, fraud, deception, barratry, criminal violations and other acts of BAD FAITH is all the factual evidence required for enforcement of said amount of assessed damages outlined herein, per Defendant, per each and every violation, of Plaintiffs' constitutionally protected rights.

289. Defendants: HRBB, and all defendants in concert with said trespass against Plaintiffs civil rights and constitutionally protected rights committed fraud and Defendants: the D.A., and all named Defendants involved in the state court case #RIF1700487 are participating in that fraud by not discovering the facts stated in this complaint prior to filing criminal charges against Plaintiffs based on the following:

290. Based on the actual fraud committed by Defendants HRBB and Citibank and all defendants involved in said fraud, California law entitles a party to treble damages at the time of taking against property and title for private lot 46, publicly located at 1404 Via Del Rio, Corona California 92882 and private Lot 30, publicly located at 17201 Bluff Vista Court, Riverside California 92503. The unlawful taking of Plaintiffs real properties for personal gain by all defendants involved, is a trespass against Plaintiffs' rights.

291. Plaintiffs believe the District Attorney's Office bought these charges against Plaintiffs on their own, for issues that have already been raised, settled and adjudicated in federal bankruptcy court. Now the District Attorney's Office bought more charges against Plaintiffs on these same issues of ownership that have already been adjudicated in federal bankruptcy court. This is fraud and a violation of a federal bankruptcy discharge order and Plaintiffs' civil rights.

292.   Defendant The State Court has no jurisdiction over the federal issues.   State Court has ignored jurisdiction and is continuing to ignore jurisdiction in violation of Plaintiffs' rights to due process, and in violation of Plaintiffs First, Fourth, Fifth and 14th Amendment Rights.

293.   The state court is continuing to order Plaintiffs to appear when defendants the state court, DuMouchel and Gunn are willfully, knowingly and unlawfully are moving the state case forward without jurisdiction.   This is a violation of Plaintiffs' constitutional protected rights, the right to due process and civil rights violation.

294.   Plaintiffs are seeking remedy as the actions (or non-action) of the D.A. in not investigating or investigating Plaintiffs two complaints in 2010 caused fake deeds to be recorded against Plaintiffs real property(s) parcel/land publicly located at 1404 Via Del Rio, Corona, California 92882 and 17201 Bluff Vista Court, Riverside, California 92503 to defendant Trespassers, the Faradjollahs and Richards, as Plaintiffs are victims of real estate mortgage fraud – criminal fraud related to our real property deed in which other deeds were fraudulently recorded or were induced by others unknown to us, done without our knowledge or consent that is still clouding our title as of the date of this federal complaint.

295.   Plaintiffs are informed and believe that all defendants including trespassers, conspired against them in the unlawful theft and illegal possession of said properties and were in violation of Title 18 USC, Section 1985(3) Depriving person of rights or privileges which states: "If two or more persons in any State or Territory conspire, or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or to injure any citizen in person or property on account of such support Title 42; (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent; (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United

1    States; (4) To recover damages or to secure equitable or other relief under any Act of Congress providing

2    for the protection of civil rights.  Such relief is what Plaintiffs are seeking.

3         296.  The defendants are responsible for the civil rights violations stated in this complaint and for

4    any harm suffered by Plaintiffs as a result.  "The passage of time cannot make valid that which has always

5    been void" Review 981 So. 2d at 651(Fla. 4th DCA 2008) and also *M.L. Builders*, supra.  Plaintiffs are

6    seeking $2 Million Dollars against each defendant for this cause of action.

### SECOND CAUSE OF ACTION – CIVIL RIGHTS VIOLATIONS
### FRAUD, AIDING AND ABETTING,
### CIVIL CONSPIRACY AGAINST RIGHTS
### Title 18 U.S.C., Chapter 47 – Fraud and False Statements
### (Against Defendants,)

11        297.  Plaintiffs incorporate here each and every paragraph as set forth above.

12        298.  Each and every Defendant violated Plaintiffs' civil rights, in conspiracy against rights by

13   committing fraud, aiding and abetting in civil conspiracy in violation of Title 18 U.S.C., Chapter 47 –

14   Fraud and False Statements, and in violation of Chapter 7 bankruptcy stay and discharge.  Bankruptcy is

15   a matter of public record, and is a stay against each and every Defendant, who has to come before the

16   court.  Defendants' fraud and harassment against Plaintiffs is continuing and ongoing to Plaintiffs'

17   detriment and injury caused by each and every defendant, the D.A., the State Court, the Sheriff, H & R

18   Block Bank, Citibank and all defendants in concert who violated Article 1 of the Uniform Commercial

19   Code (unrefuted affidavit), violated Plaintiffs' inalienable rights afforded to us under the Bill of Rights

20   protected by both constitutions, and trespassed against us, our personal/real property and private land

21   lots that has caused further injury to us by way of ejection/conversion, false arrest, wrongful

22   imprisonment and restricted civil liberties.  Defendants' injuries caused to Plaintiffs is still ongoing, as

23   Plaintiffs are still being harassed with pending state court appearances, have not been put back in

24   peaceful possession of their real properties, nor have Plaintiffs been compensated for our loss (California

25   law entitles a party to treble damages at the time of taking, trespass).

26        299.  Both banks tried to obtain money from us illegally and took our properties knowing the banks

27   had no right to do so.  This is bank fraud, and is a crime.

28

300.  Defendant DuMouchel, representing the Riverside District Attorney Office, conspired with the Riverside Superior Court Criminal Division Judge(s) and the four Riverside Police Officers (2 or more persons) in a racket to bring an unlawful complaint that was manufactured and false charges against Plaintiffs and a false arrest. This is a violation of Title 18 U.S.C. § 371, Chapter 19 – Conspiracy To Commit An Offense.

301.  The misconduct of the defendants in this cause of action appear to be willful fraudulent, malicious, harassing, hateful and prejudice acts against Plaintiffs by ignoring jurisdiction and still scheduling court appearances, as we are black and minority senior citizens.

302.  This conspiracy is continuing, as named defendants DuMouchel and Gunn are still compelling Plaintiffs to appear at court hearings and are ignoring jurisdiction.

303.  Plaintiffs are seeking $2 Million Dollars against each defendant for this cause of action.

### THIRD CAUSE OF ACTION - CIVIL RIGHTS VIOLATIONS
**Violation of the First, Fourth, Fifth and Fourteenth Amendments:**
**RIGHT TO DUE PROCESS OF LAW**
**Fifth and Fourteenth Amendment Violation, Article I  § 7.**
**The Right To Due Process of Law; 42 U.S.C. 1983, 1985**
**Against all Defendants (involved with state court case)**

304.  Plaintiffs incorporate here each and every paragraph as set forth above.

305.  Defendants the D.A., Nava and Parker, all employees of the Riverside District Attorney Office, the state court Judge Gunn and the four Riverside Police law enforcement officers all had a part in causing injury to Plaintiffs by the false arrest, manufactured felony charges on a civil matter, fabrication of statements, abuse of authority, violation of right of due process, unreasonable seizure and abuse of discretionary power that caused an illegal and false arrest, restriction of civil liberties which is a violation of Plaintiffs' civil rights and violation of the 14th Amendment which secures the right to due process.  These criminal offenses are Color of law violations under the Federal Bureau of Investigation website at www.fbi.gov.

306.  Defendants the D.A., the state court, Gunn, DuMouchel, Nava, Parker, the Sheriffs Department and the four Riverside Police law enforcement officers failed to keep Plaintiffs from harm and caused injury to Plaintiffs by the unwarranted punishment of a wrongful, false arrest without the right of due process.

307. Defendants the D.A., the state court, Gunn, DuMouchel, Nava, Parker violated Title 1-Code of Criminal Procedure, Chapter 4, Courts and Criminal Jurisdiction: Article 4.03 No jurisdiction when the sole issue is the constitutionality of the statute or ordinance on which the conviction is based. State court has no jurisdiction as stated by the attached evidence Exhibit List.

308. Defendants the state, the court, the D.A., the Sheriffs, the P.D., H & R Block Bank, Citibank and Trespassers (even though trespass against Plaintiffs rights may have been innocent) deprived Plaintiffs of freedom and civil liberties. The state restricted and forever changed Plaintiffs' lives in violation of 42 U.S.C. 1983; 18 U.S.C. §§ 241 and 242. Deprivation of Civil Rights and Interference By Threat, Coercion, Intimidation and Harassment Under Color of Law. California Civil Code § 52.1. Plaintiffs are seeking $2 Million Dollars against each and every defendant for this cause of action.

## FOURTH CAUSE OF ACTION - CIVIL RIGHTS VIOLATIONS
### RACKETEERING
**RICO – 18 U.S.C. §§ 1961 et seq., Racketeering (Title 18 U.S.C. (RICO) § 1961, § 1962 (a)(b)(c), § 1963 and § 1964); Discrimination, Hate Crime, Bad Faith, Wire Fraud, Mail Fraud; Deprivation of Civil Rights (Title 18 U.S.C. §§ 241 and 242); Concealment, Obstruction of Justice, False Imprisonment, Kidnapping, Aiding and Abetting, Civil Conspiracy, Discrimination, Hate Crime, Bad Faith, Deprivation of Civil Rights (Title 18 U.S.C. §§ 241 and 242)**
**Against all Defendants**

309. Plaintiffs incorporate here each and every paragraph as set forth above.

310. Named Defendants violated RICO laws and committed racketeering acts against Plaintiffs. Plaintiffs have not received honest services. Plaintiffs were denied adequate legal representation. The wrongful and false arrests of Plaintiffs would not have happened if the D.A., the State, the Sheriff, the P.D., Johnson and Becerra Office had provided honest services by investigating Plaintiffs' complaints and reports, and if they had protected Plaintiffs' civil rights. *But for* Defendants' fraud and failure to provide honest services and investigate Plaintiffs' reports of fraud, Plaintiffs would not still be victimized and continuing to be (emotionally) irreparably injured. Defendants failed to provide honest services – Racketeering as defined by the RICO Act.

311. Due to Defendants' lack of action and failure to provide honest services by named Defendants to investigate Plaintiffs' claims by all defendants in concert involved in the trespass against Plaintiffs constitutionally protected rights and civil rights, the Via Del Rio and Bluff Vista properties were seized and wrongfully taken by Attorneys acting on behalf of H & R Block Bank and Citibank, in

which the D.A., the State Court and Sheriff received evidence of prior to the filing of the 2017 felony charges against Plaintiffs. Even though the D.A. was provided with that evidence in June 2017 prior to the arrests, Plaintiffs were arrested anyway. The D.A., the State Court, Gunn and all defendants acted in concert to target Plaintiffs in what appears to be a hate crime because all evidence ▶ shows no crime was committed by Plaintiffs, who were criminally charged on what should have been a civil matter – said evidence has been concealed by the D.A. where the felony charges originated. This fraud on the state court and concealment of exculpatory evidence in the state case is a racket, a collateral attack against Plaintiffs, and a crime against humanity.

312. This racket is continuing and on-going because above-named Defendants are responsible for Plaintiffs' injuries due to the wrongful and false arrests and illegal prosecution by the Riverside District Attorney Office and all those in concert. The on-going harassment and injuries sustained by the Plaintiffs would not have happened if the Riverside District Attorney Office had not bought manufactured charges against Plaintiffs when their office never investigated the foreclosure and withheld exculpatory evidence their office received from Plaintiffs in 2010 claiming the same C.P.C. § 115 violation that Plaintiffs are allegedly being charged with. This is harassment and a racket. Plaintiffs are seeking $2 Million Dollars against each and every defendant for this cause of action.

### RICO – 18 U.S.C. §§ 1951 – 1962(a)(b)(c)
### (Against all Defendants)

313. Plaintiffs incorporate here each and every paragraph as set forth above.

314. Title 18 U.S.C. § 1962. Prohibited activities states:

> (a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, Title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. A purchase of securities on the open market for purposes of investment, and without the intention of controlling or participating in the control of the issuer, or of assisting another to do so, shall not be unlawful under this subsection if the securities of the issuer held by the purchaser, the members of his immediate family, and his or their accomplices in any pattern or racketeering activity or the collection of an unlawful debt after such purchase do not amount in the aggregate to one percent of the outstanding securities of any one class, and do not confer, either in law or in fact, the power to elect one or more directors of the issuer.

315.  Plaintiffs were injured by reason of defendants' violation of 18 U.S.C. § 1962, in that as a direct and proximate result of named Defendants' acts, Plaintiffs have suffered, and continue to suffer, damages including but not limited to, monetary damages and emotional distress, in an amount to be proven at trial by jury.

316.  Pursuant to 18 U.S.C.A. § 1964(c), Plaintiffs are entitled to treble damages sustained to date, costs of suit, and reasonable legal fees due to Plaintiffs injuries sustained by violation of § 1962 and other federal violations in this complaint are the reason this civil rights complaint is being bought forth because the United States District court has jurisdiction in these federal crimes.

317.  The pattern of racketeering activity because of the conduct of all defendants that conspired with the Riverside District Attorney Office against Plaintiffs that caused us injury in 2017 by a wrongful and false arrest initiated by the Riverside District Attorney Office consisted of kidnapping, mail and wire fraud, concealment of exculpatory evidence.  These are predicate offenses caused by the Riverside District Attorney Office within 10 years.

318.  Plaintiffs are seeking $2 Million Dollars against each and every defendant for this cause of action.

### RICO – 18 U.S.C. §§ 1963 et seq.
### (Against all Defendants)

319.  Plaintiffs incorporate here each and every paragraph as set forth above.

320.  Title 18 U.S.C. § 1963. Criminal penalties make it clear that if the above named Defendants are found in violation under (a), the penalties are: "Whoever violates any provision of section 1962 of this chapter shall be fined under this title or imprisoned not more than 20 years (or for life if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment), or both, and shall forfeit to the United States, irrespective of any provision of State law."

321.  Defendants' conduct deprived Plaintiffs of rights, privileges, or immunities guaranteed under federal law or the Constitution for the united States of America.  Section1983 makes it clear that state officials sued in their official capacities are not deemed persons under section 1983, but if sued in their *personal* capacities, they are considered to be persons.

322.  The Supreme Court has broadly construed the provision "under color of any statute because the wrongdoer is clothed with the authority of state law," see *United States v. Classic,* 313 U.S. 299, 61

S. Ct. 1031, 85 L. Ed. 1368 [1941]. Thus, the wrongdoers named in this RICO statute are continuing this act because Plaintiffs have suffered, and continue to suffer damages because there has been no forthcoming satisfaction, restitution or remedy, including but not limited to, monetary damages and emotional distress, in an amount to be proven at trial by jury.

323. Based on the facts stated herein, Plaintiffs have met the elements to establish a RICO claim, due to the fact we showed: "(1) a violation of the RICO statutes listed herein, and initially under 18 U.S.C. § 1962; (2) an injury to us by conversion of property; and (3) that the injury was caused by the violation of § 1962." See *De Falco v. Bernas*, 244 F.3d 286, 305 (2d Cir. 2001); See also Title 18 U.S.C. § 1964(c) that clarifies activities of which affect interstate or foreign commerce; and shows that the predicate acts of racketeering activity by named defendant in the above RICO claim are related, and that they amount to or pose a threat of continued criminal activity. See *DeFalco*, 244 F.3d at 306.

324. If above named Defendants are found in violation under (c), it states, any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefore in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorneys fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962. Plaintiffs are entitled to treble damages sustained to date, costs of suit, and reasonable legal fees. Plaintiffs are seeking $2 Million Dollars against each and every defendant for this cause of action.

**RICO – 18 U.S.C. §§1964 et seq.**
**(Against all Defendants, ~~known unknown and others~~ including DOES )**

325. Plaintiffs incorporate here each and every paragraph as set forth above.

326. Civil liability arises from 18 U.S.C. § 1964(c)(200) that entitles Plaintiffs, who were injured by all defendants found in violation of a substantive RICO violation found in § 1962, to recover treble damages against each guilty defendant.

327. The actions of the Riverside District Attorneys Office in concert in this racket with the Riverside Superior Court Criminal Division and Riverside Police Officers caused financial loss to Plaintiffs due to lost wages of Plaintiff Bruce Mack during imprisonment and unnecessary monthly bail payments, personal injury due to health risk of Plaintiff Jamie Mack being hospitalized twice while in

1  custody and again, once released due to shock and elevated life threatening blood pressure, and to

2  Plaintiffs for mental anguish, loss of rights, liberties and freedom, emotional distress, life-changing

3  actions, pain and suffering with pecuniary consequences that caused Plaintiffs injury within the meaning

4  of § 1964(c).   Review *Diaz v. Parks*.   Both the criminal and civil components under RICO entitle

5  Plaintiffs to the recovery of damages in triple the amount of actual/compensatory damages.  Plaintiffs are

6  seeking $2 Million Dollars against each and every defendant for this cause of action.

### FIFTH CAUSE OF ACTION - CIVIL RIGHTS VIOLATIONS
#### Denial of Intangible Services (Title 18 U.S.C. § 1346)
#### Against all Defendants (including Trespassers)

9  328.  Plaintiffs incorporate here each and every paragraph as set forth above for violating the

10  Chapter 7 stay and the Chapter 7 discharge.  Each of these defendants have NOT filed a Claim with the

11  bankruptcy court over Plaintiffs' real properties.   Law enforcement and judicial officers had duties

12  prescribed by law, which they did NOT provide to Plaintiffs as honest services as a government

13  employee.   Each and every defendant has knowledge, and have conspired with each other and acted

14  outside the law, which strips them of all immunity.  Defendants caused Plaintiffs harm..  Plaintiffs need

15  an accounting and loan documents from each defendant claiming they have an interest in Plaintiffs' real

16  property.   Plaintiffs are seeking $2 Million Dollars against each and every defendant for this cause of

17  action.

### SIXTH CAUSE OF ACTION - CIVIL RIGHTS VIOLATIONS
#### Intentional Infliction of Emotional Distress
#### Against all Defendants

20  329.  Plaintiffs incorporate here each and every paragraph as set forth above.

21  330.  Each and every defendant has acted deliberately in violation of the Chapter 7 stay against

22  Plaintiffs' real properties, and conspired against Plaintiffs, which caused great Health and Safety Risk to

23  be put upon Plaintiffs for no just cause, which is Intentional Infliction of Emotional Distress.  Plaintiffs

24  claim $2 million in damages Against all defendants, who violated Plaintiffs' Constitutionally protected

25  civil rights, for continued malicious, tortuous conduct which has caused injury and deprivation of rights

26  against us and has prevented Plaintiffs from being in peaceful possession of real property we have right

27  and title interest to due to the federal adjudication bankruptcy discharge in favor of Plaintiffs and have

28

the right to seek remedy and restitution for the loss suffered by all defendants continuing acts of misconduct and violation of federal bankruptcy law and federal/state law.

331. The undue burden of the state case and the emotional stress of Plaintiffs reaching out to government agencies that are supposed to assist individuals who have been victims of civil rights violations or victims of crime and failing to get assistance/help from said agencies has affected Plaintiffs emotionally, physically, diminished our quality of life by certain restrictions of our rights and civil liberties, and the emotional stress of still being ordered to appear in state court knowing the fraud that has been perpetrated against Plaintiffs by said Defendants and the fact that the emotional distress that Plaintiffs have and is still going through is harassing, ridiculous, extreme, a collateral attack and a hate crime against Plaintiffs and have suffered Intentional Infliction of Emotional Distress by all named defendants who have knowingly, willfully, intentionally and recklessly inflicted such emotional distress on Plaintiffs by their malicious conduct and behavior that is the cause of Plaintiffs claim in this cause of action as a result of defendants conduct. Plaintiffs are seeking $2 Million Dollars against each and every defendant for this cause of action.

## SEVENTH CAUSE OF ACTION - CIVIL RIGHTS VIOLATIONS
### California Government Code § 7.14 Rights Under Administrative Adjudication and Due Process, §§ 11425.10-11425.60
### Against all Defendants

332. Plaintiffs incorporate here each and every paragraph as set forth above.

333. Defendants, the D.A. and DuMouchel concealed exculpatory evidence in the state court case no. RIF1700487 that would prove that no crime was committed by Plaintiffs. The named defendants kept the evidence from being known in that state case to Plaintiffs' detriment and has injured and is continuing to cause Plaintiffs injury due to the concealment of that exculpatory evidence that the foreclosure was illegal and the fact that state court is acting without jurisdiction. Each and every defendant conspired and acted with each other to violate Plaintiffs' Chapter 7 stay and discharge. Plaintiffs request all loan documents, mortgage papers, bank statements, etc. Plaintiffs are seeking $2 Million Dollars against each and every defendant for this cause of action.

## EIGHTH CAUSE OF ACTION - CIVIL RIGHTS VIOLATIONS
### Theft, Destruction, Alteration of Court Records (Penal Code 687)
### Against all Defendants

334. Plaintiffs incorporate here each and every paragraph as set forth above.

335.  Each and every defendant participated and conspired with each other to alter court records, loan documents, recorded false documents, and conspired with each other to carry out this fraud and racketeering. Plaintiffs are seeking $2 Million Dollars against each and every defendant for this cause of action.

### NINTH CAUSE OF ACTION - CIVIL RIGHTS VIOLATIONS
**Violation of Federal Bankruptcy Stay and Discharge 11 U.S.C. 362a and of Bankruptcy Discharge Due To Chapter 7 Discharge Order Under § 727 Title 11 of the Bankruptcy Code**
**Violation of Federal Bankruptcy Stay 11 U.S.C. §362(a), Case No. 6:11-BK-20377-DS; Double Jeopardy (42 U.S.C. 2000 et seq, Calif. Penal Code 687)**
**Against all Defendants**

336.  Plaintiffs incorporate here each and every paragraph as set forth above.

337.  Each and every one of these defendants violated the Bankruptcy Stay 11 U.S.C. 362a; never filed any Claims with the bankruptcy court, and their harassment against Plaintiffs, which is continuing to cause injury, is continuous and ongoing.  Plaintiffs are seeking $2 Million Dollars against each and every defendant for this cause of action.

### TENTH CAUSE OF ACTION - CIVIL RIGHTS VIOLATION
**Request For Accounting of Loan Documents**
**Against all Defendants (involved in state court case)**

338.  Plaintiffs incorporate here each and every paragraph as set forth above.

339.  Plaintiffs request an accounting from each and every defendant to produce all loan documents, bank statements, escrow papers, deeds, canceled checks, foreclosure documents, and all accounting of money that was paid and to whom it was paid.  Plaintiffs are seeking $2 Million Dollars against each and every defendant for this cause of action.

### ELEVENTH CAUSE OF ACTION - CIVIL RIGHTS VIOLATION
**Quiet Title Action (28 U.S.C. 2409, 2410); Foreclosure**
**Against all Defendants**

340.  Plaintiffs incorporate here each and every paragraph as set forth above.

341.  Each and every defendant has clouded the titles to each of Plaintiffs' real properties by filing false claims, violating the Chapter 7 bankruptcy stay and discharge, filing false documents, filing false ownership papers against Plaintiffs' real properties located at 1404 Via Del Rio, Corona California and 17201 Bluff Vista Court, Riverside.  Each and every defendant had knowledge of the bankruptcy

stay and discharge against defendants and DOE defendants.  Defendants acts of false statements resulting in false arrest and incarceration of Plaintiffs and loss of Plaintiffs' properties was done maliciously, knowingly, with hate and moral turpitude.  Each and every defendant has failed to follow HUD guidelines by giving HUD Notice of any Default or Sale of Plaintiffs' real properties.  Defendants Trespassers Abbas S. Faradjollah and Sohila A. Faradjollah, are believed to have illegally purchased Plaintiffs' home at 1404 Via Del Rio, Corona, California 92882, due to a title defect.  A Title Defect was caused by Defendant HRBB in fraudulently selling the 1404 Via Del Rio Corona property to Trespassers with no foreclosing rights or authority to do so.  Trespassers state in a letter dated October 31, 2014, attached to Defendant Nava's Initial Narrative that they (the Faradjollahs) purchased and closed escrow on 12/11/2009. This is an illegal transfer/sale by HRBB to Trespassers, the Faradjollahs due to fraud.

342.  Defendants: The state court, the D.A., the Riverside County Recorder and Riverside County Sheriff Department were aware via certified mail that prior to the filing of the felony complaint against Plaintiffs in 2017 and the filing of additional charges in 2018 that Plaintiffs completed their administrative process (private out-of-court affidavits/correspondence) to HRBB which none of these Defendants responded to provide verified evidence of HRBB and Citibank right to foreclose according to California Foreclosure Law and Defendant Nava and Parker failed to research those administrative documents provided to the Riverside District Attorney Office prior to making their investigative reports/narratives and findings. This is fraud and act of bad faith by filing false, incorrect and misleading documents with the state court, illegal trespass, that caused the wrongful taking of Plaintiffs real/personal property(s) because the D.A. failure to provide honest service and investigate plaintiffs two prior complaints prior to the filing of the felony charges against Plaintiffs.  This failure to provide honest service is continuing and on-going as Plaintiffs have exhausted all remedy with all defendants involved in the state court case as all the 9 nine in-court documents regarding state court having no jurisdiction due to federal bankruptcy law and no probable cause to charge Plaintiffs with a crime due to having Plaintiffs bought falsely and illegally before the court with no arrest warrant in the court record at the time of arrest.  The charges against Plaintiffs is a racket, harassment and scheme to deprive Plaintiffs of rights afforded to them without just cause.

343.  All named defendants including Trespassers should have researched public record prior to doing what they did in which this fraud is still on-going, which fraud makes Trespassers, the Faradjollahs and Richards purchase VOID by law.

344.  FRAUD.  Permitting shown and demonstrated acts of fraud and actively participated in a scheming conspiracy of untruths and misrepresentations to deceive those who entrusted themselves in dealing in good faith, while specifically acting in deliberate bad faith when such fraud was shown, as in the filing of the 2010 civil action and pleadings, in violation of California Penal Code Sec. 532; Title 18 U.S.C. § 1001, Title 42 U.S.C.A. § 1983, which acts are criminal.

345.  The Chapter 7 Bankruptcy Discharge of Debtor Order was adverse to the District Attorney's Office filing the felony complaint stating Plaintiffs lost the property to foreclosure when the fact that the federal bankruptcy courts final determination is to have Plaintiffs set a court date in the United Stated District Bankruptcy Court, Central District, to file a motion/order to recover un-administered assets, including real properties, the 1404 Via Del Rio, Corona and 17201 Bluff Vista Court, Riverside property back to Plaintiffs.  Plaintiffs did not receive just compensation for the unlawful taking of both properties, which is in violation of Plaintiffs civil rights and constitutionally protected rights under 28 U.S.C. § 1746 and 42 U.S.C. § 1983, 28 U.S.C. § 2409 , § 2409(a) and § 2409(f) because the federal bankruptcy court has exclusive and original jurisdiction of actions under 2409a to quiet title which Plaintiffs are entitled to, because of the chapter 7 discharge order.

346.  Since it appears that all named Defendant Trespassers the Faradjollahs and Richards may have un-clean hands and acted in bad faith, Plaintiffs are entitled, under Article I, Section 13 of the California Constitution to receive restitution or recovery of the premise(s) back to Plaintiffs from Defendant Trespassers and Tortfeasors.

347.  Plaintiffs believe that all named Defendants unlawfully conspired to deprive Plaintiffs of their First, Fourth, Fifth and Fourteenth Amendment Rights, Constitutionally protected rights, and have deprived and is continuing to deprive Plaintiffs (ownership rights and interest entitled by the federal bankruptcy discharge) of the use and enjoyment, benefit and privileges of Plaintiffs' real properties.

348.  The filing of the felony charges against Plaintiffs by the D.A. was done in bad faith, is fraudulent concealment, misconduct and improper activity by said defendants, which such fraudulent

1  concealment renders any contract (i.e. felony complaint/First Amended Information, reports made by or
2  on behalf of the D.A.) where fraud has taken place and debt owed against said mortgage loans as "void."

3       349.  Plaintiffs are seeking this court to uphold our constitutionally protected rights under both
4  the United States of America and California Constitutions, and U.C.C. Law in this federal complaint and
5  apply the law, as jurisdictional defects require correction regardless whether the errors were raised in
6  district court, see *United States v. Cotton*, 535 U.S. 625, 630 (2002).

7       350.  The Federal Rules of Evidence and State Rules of Evidence are clear that there must be a
8  competent first hand witness (a body).  Therefore, Plaintiffs request this court to take judicial notice of
9  the attached Exhibits per Evidence Code, Rule 201 – Judicial Notice of Adjudicated Facts, to support
10 this complaint.  The attached Exhibits have not been disputed under this evidence code.  Plaintiffs are
11 seeking $2 Million Dollars against each and every defendant for this cause of action.

## TWELFTH CAUSE OF ACTION - CIVIL RIGHTS VIOLATION
**Removal from Superior Court to Federal Court for no jurisdiction and double jeopardy, Rules of
Civil Procedure Rule 81 Applicability of the Rules in General; Removed Actions D.A. # 356353
Criminal Case No.: RIF1700487 filed 02/07/2017; violation of Chapter 7 bankruptcy stay
Against all Defendants**

12       351.  Plaintiffs incorporate here each and every paragraph as set forth above.

13       352.  Plaintiffs are requesting that the criminal case D.A. # 356353, No.: RIF1700487 be removed to
14 federal court under Rule 81 for violating Plaintiffs' constitutionally-secured rights, violating Plaintiffs' due
15 process rights, and for violating banking laws.  Each and every one of these defendants have full knowledge
16 that the state criminal case against Plaintiffs is being brought on behalf of the mortgage companies to harass
17 Plaintiffs by false charges, false arrest, and defamation of character and putting Plaintiffs in jail over their
18 real property by the very defendants in this complaint violating the bankruptcy stay.  The District Attorney
19 for the County of Riverside has full knowledge of the racketeering and using the state court to aid and abet
20 racketeering, mail fraud, wire fraud, deprivation of rights under color, and fraud.  If the District Attorney had
21 a problem with the Chapter 7 and the bankruptcy stay and discharge, which the state court has full
22 knowledge, it should have been brought as a civil matter.  The state court had no jurisdiction.  That's a
23 federal issue under 2409 and 2410.  It must be a judicial sale by the court, and NOT by defendants doing a
24 foreclosure and selling the properties.  Each and every one of these defendants must explain to the court how
25 were they able to foreclose, then sell Plaintiffs' real properties <u>without</u> getting a <u>judicial ruling</u> from the

1  federal court. The real properties are <u>federal</u> issues, and must go through HUD guidelines. Plaintiffs are

2  seeking $2 Million Dollars against each and every defendant for this cause of action.

### PLAINTIFFS' EXHIBITS
**EXHIBIT A (Chapter 7 Discharge of Debtor), EXHBIT B (Certification of Notice of Chapter 7 to all Parties), and EXHIBIT C (Superior Court of California County of Riverside D.A. #365353 Case No.: RIF 1700487 Felony Complaint) Under Evidence Code 201**

353. See attached EXHIBITS in support of Plaintiffs' verified complaint. EXHIBIT A is

DISCHARGE OF DEBTOR, giving notice to all known Defendants and unknown Defendants, and is a

matter of public record. <u>Not one</u> of these Defendants objected to the discharge or filed a Claim with the

bankruptcy court. EXHIBIT B is CERTIFICATION OF NOTICE to all Defendants from the

bankruptcy court of the discharge and notice. Again, <u>not one</u> of these Defendants filed a Claim with the

bankruptcy court under Title 11 U.S.C. § 341(a). EXHIBIT C is the SUPERIOR COURT OF

CALIFORNIA COUNTY OF RIVERSIDE, D.A. #365353, Case No.: RIF 1700487 FELONY

COMPLAINT. There is nothing in this Complaint that shows that a victim – an injured human – filed a

complaint with the state of California. There is NOTHING that shows that a natural person filed a

complaint with the District Attorney's office. Supervising Deputy District Attorney Stephanie B.

Weissman and Defendant Michael A. Hestrin, District Attorney must bring before this Court what

victim filed a verified complaint against Plaintiffs. Stephanie B. Weissman has knowledge of what each

and every one of these Defendants is doing – using state court facilities as a racketeering enterprise.

This EXHIBIT C <u>shows</u> that this *criminal* complaint, brought in the name of the People of the State of

California, is not backed by a verified complaint, <u>shows</u> that it is a personal vendetta against Bruce and

Jamie Mack, and <u>shows</u> that this criminal complaint is being used by Defendants to steal Plaintiffs' real

properties and operate the state court as a racketeering enterprise. There is <u>nothing</u> in the bankruptcy

court that shows that a Claim for ownership of the real properties was filed by any of these Defendants.

This EXHIBIT C <u>shows</u> that THE PEOPLE OF THE STATE OF CALIFORNIA are violating the

Rooker-Feldman Doctrine by bringing a *criminal* case on a *civil* matter and issues that have been

brought before the bankruptcy court in Plaintiffs' Chapter 7 under Title 11 U.S.C. §§ 362(a) and 341(a).

Defendants used retired judges to carry out this fraud and racketeering. Based on the foregoing,

Plaintiffs pray for each cause of action against each and every defendant for $2 million dollars to make

1  Plaintiffs whole for their pain and suffering, for false imprisonment, defamation of character, for

2  violation of all their rights, and for Defendants' violations of the following:.

3      CONSPIRACY. A confederation of two or more individuals who may not know each other but, by their joint efforts, commit some unlawful or criminal act (Black's Law Dictionary). Multiple

4  officials, agents and other persons named properly noticed by the attached COMMERCIAL

5  AFFIDAVIT, and un-named who under a cover of official right and appearance and color of law continued to perform such acts to continue to raise revenue by fraud and extortion, for any so-

6  called governmental function. (Cal Penal Code Sec. 182, California Racketeering Act — Cal Penal Code Sec. 186; 18 U.S.C. 241, Federal Racketeering Act, 18 U.S.C. 1961 et. seq.)  This

7  applies to all defendants named in this complaint.

8      RACKETEERING. Is the combination of the above identified crimes. Title 18 United States Codes Section 1961 (RICO) defines it as involving a host of patterned criminal actions as stated

9  above and herein. Defendants criminal actions are filed and recorded in public record.

10     FALSE DOCUMENTS. Accepting false documents that are known not to be true or known to be false to falsely condemn the party under a color of law without benefit of a lawful trial, to raise

11 revenue by stealing monies of the party and giving it directly to a foreign agent by such false

12 condemnations (California Penal Code Sec 134; Title 18 U.S.C. 1001).

13     GRAND THEFT. By such actions of fraud, civil rights violations and extortion, the monies stolen, the money made off the state court cases or damages sustained by such actions totaled

14 over $400 under a guise of taxes, fines and/or penalties under a color of law for exercising one's

15 inalienable/unalienable rights (C.P.C. § 487; 18 U.S.C. §§ 641, 2311).

16     354.  Plaintiffs seek remedy and settlement under Federal Rules of Evidence and the U.C.C. laws

17 for this court to protect their rights and render a decision on all recorded verified evidence herein, apply

18 the law under Title 28 U.S.C. Rule 69 for writ of execution and issue an Order for Money Judgment for

19 damages sought by all defendants named within this cause of action and the return, transfer and/or

20 replacement cost of confiscated real property(s) according to the law, see *Miami Motor Sales v.*

21 *Singleton, Ohio Mun.*, 94 N.E.2d 819, 822.

22     355.  Plaintiffs seek to obtain permanent injunctive relief, rescission/full reconveyance of the

23 mortgage contracts; recovery, refund of monies paid and other equitable relief afforded to the Plaintiffs

24 for Defendants' violations of federal statutes Title 15 U.S.C. § 45(a), which prohibits unfair or deceptive

25 practices in or affecting commerce; as well as other federal trade commission and criminal acts or

26 practices misrepresented by all liable defendants.

27     356.  Plaintiffs are seeking $2 Million Dollars against each and every defendant for each cause of

28 action. WHEREFORE, Plaintiffs pray for:

a) Assessed amount of damages against each Defendant as stated in this cause of action at time of trial by jury of Plaintiffs' peers;

b) Punitive damages as the court deems just and proper;

c) Monetary damages in the amount according to proof at trial;

d) For compensatory and statutory damages according to proof at trial;

e) For an order and judgment stating that the Deed of Trust and the Trustees Deed are adjudged void and of no legal force and effect and shall be cancelled, stricken, and or rescinded forthwith;

f) To void all publically recorded false documents by defendant(s) and all other parties acting under color of law, or in Concert with Defendant(s) that are encumbering said property(s) and issue an order to all defendants to prevent defendants from selling or attempting to sell or causing to be sold the Via Del Rio and Bluff Vista Court property(s);

g) That Plaintiffs be awarded the monetary damages in the amount stated in the affidavits and recorded liens according to proof at trial;

h) That Plaintiffs be awarded statutory damages for Unfair Debt Collection practices and violations of the U.C.C., federal banking and California law;

i) For interest at the prevailing legal rate of interest accrued on any damages awarded to the extent permissible under the law;

j) For exemplary and punitive damages in an excessive amount appropriate to punish defendant(s) and all those in concert in hopes of deterring others from engaging in similar misconduct;

k) For the right or restitution and recovery of every dollar defendant(s) HRBB and Citibank gained from the sale and use of Bruce Mack and Jamie Yvonne Mack's name or any derivative thereof and their signature;

l) For corrective actions to have HRBB and Citibank restore Bruce Mack and Jamie Yvonne Mack's credit rating and FICO score at all agencies reported to prior to HRBB and Citibank notice of default from date recorded;

m) That Defendant(s) and all those in concert be investigated for all stated violations of state and federal civil law, RICO and all criminal conduct;

n) Punitive damages as the court deems just and proper;

o) Monetary damages in the amount according to proof at trial;

p) For compensatory and statutory damages according to proof at trial; and

q) For exemplary damages in an amount sufficient to punish Defendants' wrongful conduct and deter future misconduct; and

r) Court costs incurred herein.

FIRST CAUSE OF ACTION: Violation of Civil Rights (Title 42 U.S.C.A §§1981, 1983, 1985: False Imprisonment, Kidnapping, No Jurisdiction, Personal Injury That judgment be entered in Plaintiffs' favor and against Defendants, and each of them for $2 million dollars.

a) Assessed amount of damages against each Defendant as stated in this cause of action at time of trial by jury of the Bruce and Jamie Mack's peers;

b) Punitive damages as the court deems just and proper;

c) Monetary damages in the amount according to proof at trial;

d) For compensatory and statutory damages according to proof at trial;

e) For exemplary damages in an amount sufficient to punish Defendants' wrongful conduct and deter future misconduct; and

f) Court costs incurred herein.

SECOND CAUSE OF ACTION: Fraud, Bad Faith That judgment be entered in Plaintiffs' favor and against Defendants, and each of them for $2 million dollars.

a) For assessed amount of damages against each Defendant for each violation that occurred against Plaintiffs Bruce Mack and Jamie Yvonne Mack;

b) For Monetary damages in the amount according to proof at trial;

c) For compensatory and statutory damages according to proof at trial; and

d) For exemplary damages in an amount sufficient to punish Defendants' wrongful conduct and deter future misconduct.

THIRD CAUSE OF ACTION: Violation of the First, Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendments That judgment be entered in Plaintiffs' favor and against Defendants, and each of them for $2 million dollars.

a) For an order and judgment stating that the Deed of Trust and the Trustees Deed are adjudged void and of no legal force and effect and shall be cancelled, stricken, and or rescinded forthwith;

b) To void all publically recorded false documents by defendant(s) and all other parties acting under color of law, or in Concert with Defendant(s) that are encumbering said property(s) and issue an order to all defendants to prevent defendants from selling or attempting to sell or causing to be sold the Via Del Rio and Bluff Vista Court property(s);

c) That Plaintiffs Bruce Mack and Jamie Yvonne Mack be awarded the monetary damages in the amount stated in the affidavits and recorded liens according to proof at trial;

d) That Plaintiffs Bruce Mack and Jamie Yvonne Mack be awarded statutory damages for Unfair Debt Collection practices and violations of the U.C.C., federal banking and California law;

e) For interest at the prevailing legal rate of interest accrued on any damages awarded to the extent permissible under the law;

f) For exemplary and punitive damages in an excessive amount appropriate to punish defendant(s) and all those in concert in hopes of deterring others from engaging in similar misconduct;

g) For the right or restitution and recovery of every dollar defendant(s) HRBB and Citibank gained from the sale and use of Bruce Mack and Jamie Yvonne Mack's name or any derivative thereof and their signature;

h) For corrective actions to have HRBB and Citibank restore Bruce Mack and Jamie Yvonne Mack's credit ratings and FICO score at all agencies reported to prior to HRBB and Citibank notice of default from date recorded;

i) That Defendant(s) and all those in concert be investigated for all stated violations of state and federal civil law, RICO and all criminal conduct;

j) Punitive damages as the court deems just and proper;

k) Monetary damages in the amount according to proof at trial;

l) For compensatory and statutory damages according to proof at trial; and

m) For exemplary damages in an amount sufficient to punish Defendants' wrongful conduct and deter future misconduct.

<u>FOURTH CAUSE OF ACTION</u>:  Racketeering (Title 18 U.S.C. (RICO) §1961, §1962 (a)(b)(c), §1963 and §1964); Discrimination, Hate Crime, Bad Faith, Wire Fraud, Mail Fraud; Deprivation of Civil Rights (Title 18 U.S.C. §§ 241 and 242); Concealment, Obstruction of Justice; Aiding and Abetting, Civil Conspiracy.  That judgment be entered in Plaintiffs' favor and against Defendants, and each of them for $2 million dollars.

a) For an order and judgment stating that the Deed of Trust and the Trustees Deed are adjudged void and of no legal force and effect and shall be cancelled, stricken, and or rescinded forthwith.

b) For damages, disgorgement, and injunctive relief under California's common and statutory law of unfair business practices.

c) For compensatory and statutory damages, legal fees and costs according to proof at trial.

d) For monetary damages in the amount according to proof at trial;

e) For compensatory and statutory damages according to proof at trial; and

f) For exemplary damages in an amount sufficient to punish Defendants' wrongful conduct and deter future misconduct.

<u>FIFTH CAUSE OF ACTION</u>:  Denial of Intangible Services 18 U.S.C. § 1346.  That judgment be entered in Plaintiffs' favor and against Defendants, and each of them for $2 million dollars.

a) Monetary damages in the amount according to proof at trial;

b) For compensatory and statutory damages according to proof at trial; and

c) For exemplary damages in an amount sufficient to punish Defendants' wrongful conduct and deter future misconduct.

1  SIXTH CAUSE OF ACTION:  Intentional Infliction of Emotional Distress; Personal Injury. That

2  judgment be entered in Plaintiffs' favor and against Defendants, and each of them for $2 million dollars.

3  SEVENTH CAUSE OF ACTION:  California Government Code § 7.14 Rights Under Administrative

4  Adjudication and Due Process, California Government Code §§11425.10-11425.6.  That judgment be

5  entered in Plaintiffs' favor and against Defendants, and each of them for $2 million dollars.

6  EIGHTH CAUSE OF ACTION:  Theft, Destruction Alteration of Court Records(Penal Code 687).  That

7  judgment be entered in Plaintiffs' favor and against Defendants, and each of them for $2 million dollars.

8  NINTH CAUSE OF ACTION:  Violation of Federal Bankruptcy Stay and Discharge 11 U.S.C. §362(a),

9  Case No. 6:11-BK-20377-DS; Double Jeopardy (42 U.S.C. 2000 et seq, Calif. Penal Code 687).  That

10  judgment be entered in Plaintiffs' favor and against Defendants, and each of them for $2 million dollars.

11  TENTH CAUSE OF ACTION:  Accounting. That judgment be entered in Plaintiffs' favor and against

12  Defendants, and each of them for $2 million dollars.

13  ELEVENTH CAUSE OF ACTION:  Quiet Title Action, 28 U.S.C. § 2409, 2410;  Foreclosure.  That

14  judgment be entered in Plaintiffs' favor and against Defendants, and each of them for $2 million dollars.

15      a) For an order and judgment quieting title to the Property;

16      b) To quiet title in favor of Bruce and Jamie Yvonne Mack against all Defendants and each of them;

17      c) For recovery of 1404 Via Del Rio, Corona and 17201 Bluff Vista Court Riverside property and treble damages according to C.C.C.P. § 33333,et seq;

18      d) Monetary damages in the amount according to proof at trial;

19      e) For compensatory and statutory damages according to proof at trial; and

20      f) For exemplary damages in an amount sufficient to punish Defendants' wrongful conduct and deter future misconduct.

21
22      g) For Court cost incurred herein; and

23      h) For such other and further equitable relief, declaratory relief and legal damages as may be permitted by law and as the court may consider just and proper.

24  TWELFTH CAUSE OF ACTION:  Removal from Superior Court to Federal Court for no jurisdiction and

25  double jeopardy, Rules of Civil Procedure Rule 81 Applicability of the Rules in General; Removed Actions

26  D.A. # 356353 Criminal Case No.: RIF1700487 filed 02/07/2017; violation of Chapter 7 bankruptcy stay.

27  That judgment be entered in Plaintiffs' favor and against Defendants, and each of them for $2 million

28  dollars.

a) For an order removing criminal case to federal court;

b) For an order that the state criminal case against Plaintiffs is void;

c) Monetary damages in the amount according to proof at trial;

d) For compensatory and statutory damages according to proof at trial; and

e) For exemplary damages in an amount sufficient to punish Defendants' wrongful conduct and deter future misconduct.

f) For Court cost incurred herein; and

g) For such other and further equitable relief, declaratory relief and legal damages as may be permitted by law and as the court may consider just and proper.

DEMAND FOR JURY TRIAL

357.  Plaintiffs Bruce Mack and Jamie Yvonne Mack demand trial by a jury of their peers. Plaintiffs reserve their rights to Amend this verified complaint.  Plaintiffs' Complaint is Verified, so all Defendants are required to verify their answers Title 28 section 1746.

358.  We, Plaintiffs Bruce Mack and Jamie Yvonne Mack, declare under penalty of perjury, under the laws of the United States of America that the above is true, correct, and complete to best of our knowledge and that this Complaint is executed at Riverside California.

Dated: In the year of our Lord: 30th day of December, 2018

All Rights Reserved, Without Prejudice

By: _____
Bruce Mack, In Propria Persona

All Rights Reserved, Without Prejudice

By: _____
Jamie Yvonne Mack, In Propria Persona

B18 (Official Form 18)(12/11)

# United States Bankruptcy Court
## Central District Of California

### 3420 Twelfth Street, Riverside, CA 92501–3819

## <u>DISCHARGE OF DEBTOR</u>

**DEBTOR INFORMATION:**
Jamie Yvonne Mack
aka Jamie Yvonne Mack

**BANKRUPTCY NO.** 6:11–bk–20377–DS

**CHAPTER** 7

**Last four digits of Social–Security or Individual Taxpayer–Identification (ITIN) No(s)., (If any):** xxx–xx–6292
**Employer Tax–Identification (EIN) No(s).(if any):** N/A
**Debtor Discharge Date:** 9/18/13

**Address:**
PO Box 684
Corona, CA 92878

It appearing that the debtor is entitled to a discharge, IT IS ORDERED: The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code). SEE THE BACK OF THIS ORDER FOR EXCEPTIONS AND OTHER IMPORTANT INFORMATION.

BY THE COURT,

Dated: September 18, 2013

**Kathleen J. Campbell**
Clerk of the Court

---

*\* Set forth all names, including trade names, used by the debtor(s) within the last 8 years. For joint debtors, set forth the last four digits of both social–security numbers or individual taxpayer–identification numbers.*

(Form b18–DIS Rev. 12/2011) VAN–30

104 – 29 / MAL

# Exhibit A (2 pages)

Pg 71

B18 (Official Form 18) Cont.
Rev.(12/11)

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts That are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court, under section 523 of the Bankruptcy Code or other applicable law, specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.

Pg 72

United States Bankruptcy Court
Central District of California

In re:
Jamie Yvonne Mack
        Debtor

Case No.   11-20377-DS
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0973-6        User: smalcolmC        Page 1 of 2        Date Rcvd: Sep 18, 2013
                           Form ID: b18           Total Noticed: 44

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 20, 2013.
```
db            +Jamie Yvonne Mack,   PO Box 684,   Corona, CA 92878-0684
cr            +Citibank, N.A.,   c/o Robert J. Jackson & Associates, Inc.,    4199 Campus Drive,    Suite 700,
               Irvine, CA 92612-4698
29063937      +American Home Mtg Serv,    PO Box 631730,    Irving TX 75063-0002
29063941      +Chase,   PO Box 24696,    Columbus OH 43224-0696
29341394      +Citibank NA Trustee For Merilly Lynch Investments,    c/o Jamie Y Mack,    PO Box 684,
               Corona, CA 92878-0684
29063942      +Citifinancial Retail Serv,    PO Box 499,   Hanover, MD 21076-0499
29063957       Collection Consultants,    100 San Fernando Rd #211,   Glendale CA 91201
29063955      +Corona Regional Medical,    800 South Main Street,   Corona CA 92882-3420
29412339      +Corona Regional Medical Center,    800 South Main Street,    Corona CA 92882-3420
29395710       GCFS INC,   PO BOX 3470,    PASO ROBLES CA 93447-3470
29063943      +Greater Cal Fin Svcs,    PO Box 3470,   Paso Robles CA 93447-3470
29063938      +H&R Block,   450 American St #SV416,    Simi Valley CA 93065-6285
29848293       HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA,    P O BOX 10490, VIRGINIA BEACH, VA 23450
29063944      +HSBC/Household Fin,   PO Box 3425,    Buffalo NY 14240-3425
29063945      +HSBC/Household Fin,   PO Box 5253,    Carol Stream IL 60197-5253
29063946       HSBC/Mitsubichi,   PO BOX 15524,    Wilmington DE 19850
29063952      +Home Depot/Citibank,    PO Box 6497,   Sioux Falls SD 57117-6497
29063960      +Hunt & Henriques,    151 Bernal Road Suite 8,   San Jose CA 95119-1491
29063947      +Main Street Acquici,    2877 Paradise Rd Unit 303,   Las Vegas NV 89109-5239
29063959      +Medical Center of Women,    1950 Sunny Crest Dr #2800,   Fillerton CA 92835-3641
29063948      #+Meridian Financial,    21 Overland Industrial Blvd,   Ashville NC 28806-1376
29412340      +Northland Group,    PO Box 390846,   Minneapolis MN 55439-0846
29063961      +Northland Group Inc,    PO Box 684,   Corona CA 92878-0684
29063950      ++PROSPER FUNDING LLC,    101 2ND STREET 15TH FLOOR,   SAN FRANCISCO CA 94105-3672
              (address filed with court:    PROSPER MARKETPLACE,    111 Sutter St Fl 22,    San Francisco CA 94104)
29063949      +Portafolio Recovery,    120 Corporate Blvd Ste 100,   Norfolk VA 23502-4962
29412338      +Quest Diagnostic,    PO Box 7400,   Pasadena CA 91109-7400
29063954      +Quest Diagnostics,    PO Box 684,   Corona CA 92878-0684
29063951      +Rash/Curtis & Assoc,    190 S Orchard Av #250,   Vacaville CA 95688-3647
28967789      +SAINT JUDE MEDICAL CENTER,    101 E VALENCIA MESA DR,   FULLERTON CA 92835-3809
29063953      +Wescon Credit Union,    PO Box 7097,   Pasadena CA 91109-7097
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg            EDI: EDD.COM Sep 19 2013 01:53:00      Employment Development Dept.,    Bankruptcy Group MIC 92E,
               P.O. Box 826880,    Sacramento, CA  94280-0001
smg            EDI: CALTAX.COM Sep 19 2013 01:53:00      Franchise Tax Board,    Bankruptcy Section MS: A-340,
               P.O. Box 2952,    Sacramento, CA  95812-2952
29063956      +EDI: AARGON.COM Sep 19 2013 01:53:00      Aargon Agency,    3025 W Sahara Ave,
               Las Vegas NV 89102-6094
29247985      +EDI: OPHSUBSID.COM Sep 19 2013 01:53:00      CANDICA L.L.C.,    C O WEINSTEIN AND RILEY, PS,
               2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
29063940      +EDI: CAPITALONE.COM Sep 19 2013 01:53:00      Capital One,    PO Box 30281,
               Salt Lake City UT 84130-0281
29063939      +E-mail/Text: bankruptcy@cashcall.com Sep 19 2013 02:01:09      Cash Call Inc,    1600 S Douglas Rd,
               Anaheim CA 92806-5951
29412337      +EDI: CIAC.COM Sep 19 2013 01:53:00      Citimortgage,    PO Box 9438 Dept 0251,
               Gaithersburg MD 20898-9438
29412336      +EDI: HFC.COM Sep 19 2013 01:53:00      HSBC/Mitsubishi,    PO Box 5253,
               Carol Stream IL 60197-5253
29063958       EDI: IRS.COM Sep 19 2013 01:53:00      Internal Revenue Service,    Fresno CA 93888-0010
29751926       E-mail/Text: ECF@SHERMETA.COM Sep 19 2013 02:02:41      J.P. Morgan Chase Bank, N.A.,
               c/o Shermeta, Adams & Von Allmen, P.C.,    P.O. Box 80908,    Rochester Hills, MI  48308-0908
29804147       EDI: RESURGENT.COM Sep 19 2013 01:53:00      LVNV Funding LLC its successors and assigns as,
               assignee of Citibank, NA,    Resurgent Capital Services,    PO Box 10587,
               Greenville, SC 29603-0587
29438041       EDI: Q3G.COM Sep 19 2013 01:53:00      Main Street Acquisition Corp.,    Quantum3 Group LLC,
               PO Box 788,    Kirkland, WA  98083-0788
29757567       EDI: PRA.COM Sep 19 2013 01:53:00      Portfolio Recovery Associates, LLC,    c/o Household,
               POB 41067,    Norfolk VA 23541
33781232      +EDI: OPHSUBSID.COM Sep 19 2013 01:53:00      Vanda, LLC,    c/o Weinstein & Riley, P.S.,
               2001 Western Ave., Ste. 400,    Seattle, WA 98121-3132
                                                                                         TOTAL: 14
```

```
             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
intp          Courtesy NEF
cr            Deutsche Bank National Trust Company, as Trustee f
30159243      Citibank, N.A.
```

Pg 23

# Exhibit B (2 pages)

District/off: 0973-6          User: smalcolmC          Page 2 of 2                    Date Rcvd: Sep 18, 2013
                             Form ID: b18              Total Noticed: 44

cr*       +Vanda, LLC,    c/o Weinstein & Riley, P.S.,    2001 Western Ave., Ste. 400,
           Seattle, WA 98121-3132
29247986* +CANDICA L.L.C.,    C O WEINSTEIN AND RILEY, PS,    2001 WESTERN AVENUE, STE 400,
           SEATTLE, WA 98121-3132
28967788* +JAMIE YVONNE MACK,    PO Box 684,   Corona, CA 92878-0684
33781278* +Vanda, LLC,    c/o Weinstein & Riley, P.S.,    2001 Western Ave., Ste. 400,
           Seattle, WA 98121-3132
                                                                        TOTALS: 3, * 4, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.


I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security
Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the
bankruptcy rules and the Judiciary's privacy policies.

Date: Sep 20, 2013                           Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 18, 2013 at the address(es) listed below:
              Andrew  Bao   on behalf of Defendant   Citi Bank NA as Trustee for Meril Lynch Investments
               aabao@wolfewyman.com,  lcwhite@wolfewyman.com
              Andrew  Bao   on behalf of Defendant   Sanjiv Das as PRES/CEO of Citi Bank Mortage
               aabao@wolfewyman.com,  lcwhite@wolfewyman.com
              Balpreet  Thiara   on behalf of Creditor   Deutsche Bank National Trust Company, as Trustee for
               Long Beach Mortgage Loan Trust 2006-8 ecfcacb@piteduncan.com
              Casper J Rankin   on behalf of Interested Party   Courtesy NEF ecfcacb@piteduncan.com
              David J Boyer   on behalf of Plaintiff   Citibank NA davidboyerlaw@gmail.com
              David J Boyer   on behalf of Creditor   Citibank, N.A. davidboyerlaw@gmail.com
              Jared D Bissell   on behalf of Creditor   Deutsche Bank National Trust Company, as Trustee for
               Long Beach Mortgage Loan Trust 2006-8 wdk@wolffirm.com
              Jared D Bissell   on behalf of Interested Party   Courtesy NEF wdk@wolffirm.com
              Josh Harrison   on behalf of Creditor   Vanda, LLC advnotices@w-legal.com
              Lynda T. Bui (TR)   trustee.bui@shbllp.com,  C115@ecfcbis.com
              United States Trustee (RS)   ustpregion16.rs.ecf@usdoj.gov
                                                                      TOTAL: 11

*VAR*

**CASH BOND**
RECOMMENDED:
DEF#1 $165,000.00
DEF#2 $165,000.00
WARRANT

MICHAEL A. HESTRIN
DISTRICT ATTORNEY

AGENCY#: DAR2015161001/RDA

**FILED**
Superior Court of California
County of Riverside

**02/07/2017**
TERRY ELLISON

SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
(Riverside)

THE PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff,

v.

JAMIE YVONNE MACK
DOB: 02/23/1961

BRUCE MACK
DOB: 10/12/1962

Defendants.

D.A.# 365353

CASE NO.

FELONY COMPLAINT

OTHER - SPS

**RIF1700487**

FEB 09 2017

COUNT 1

The undersigned, under penalty of perjury upon information and belief, declares: That the above named defendants, JAMIE YVONNE MACK and BRUCE MACK, committed a violation of Penal Code section 115, a felony, in that on or about October 10, 2014, in the County of Riverside, State of California, the defendants did wilfully, unlawfully, and knowingly procure and offer a false and forged instrument, to wit: DOCUMENT NO. 2014-0387757 (CORRECTION OF GRANT DEED), which instrument, if genuine, might be filed, registered, and recorded, under any law of this state and the United States. [16/2/3 prison]

It is further alleged that in the commission and attempted commission of the above offense the said defendants, JAMIE YVONNE MACK and BRUCE MACK, with the intent so to do, took, damaged and destroyed property of a value exceeding sixty-five thousand dollars ($65,000.00), within the meaning of Penal Code section 12022.6, subdivision (a), subsection (1). [1yr.]

MARSY'S LAW

Information contained in the reports being distributed as discovery in this case may contain confidential information protected by Marsy's Law and the amendments to the California Constitution Section 28. Any victim(s) in any above referenced charge(s) is entitled to be free from intimidation, harassment, and abuse. It is unlawful for defendant(s), defense counsel, and any other person acting on behalf of the defendant(s) to use any information contained in the reports to locate or harass any victim(s) or the victim(s)'s family or to disclose any information that is otherwise privileged and confidential by law. Additionally, it is a misdemeanor violation of California Penal Code § 1054.2a(3) to disclose the address and telephone number of a victim or witness to a

**Exhibit C (2 pages)**

*Pg 75*

**Case #RIF1700487**

**Filing Date 02/07/2017**

defendant, defendant's family member or anyone else.  Note exceptions in California Penal Code § 1054.2a(a) and (2).

     I declare under penalty of perjury upon information and belief under the laws of the State of California that the foregoing is true and correct.

Michael A. Hestrin<br>
District Attorney

Dated: January 25, 2017

By: Stephanie B. Weissman<br>
Supervising Deputy District Attorney

iw

Pg 76